## MOSELEY v. STATE.    (4 Div. 899.)

(Court of Appeals of Alabama.    April 8, 1924.)

**Intoxicating liquors** ⊕⊐226—**Admission of affidavit and warrant charging manufacture of prohibited liquors held reversible error.**

Admission in evidence, over objection, of an affidavit and warrant, charging accused and others with manufacturing prohibited liquors, for the purpose of corroborating state's main witness in a prosecution for manufacturing whisky, *held* reversible error, in the absence of evidence tending to connect the papers with the pending prosecution.

⊕⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Crenshaw County; W. L. Parks, Judge.

Robert Lee Moseley was convicted of manufacturing whisky, and appeals. Reversed and remanded.

Frank B. Bricken, of Luverne, for appellant.

The court erred in admitting in evidence the affidavit and warrant of defendant's arrest. Brewer v. State, 16 Ala. App. 501, 79 South. 199.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affidavit and warrant introduced were admissible to fix the date of the commission of the offense, and as corroborating the witness' testimony.

SAMFORD, J. We have examined the testimony, and giving to the testimony such weight to which it is entitled we are of the opinion that there is sufficient evidence upon which to base a verdict of conviction.

The state was dependent for a conviction on the testimony of one W. O. Robbins, whose testimony as to the material facts connecting defendant with the crime was denied by the defendant and his witnesses. To corroborate the main state's witness, the state was permitted, over the objection and exception of defendant, to introduce in evidence an affidavit and warrant, dated July 30, 1921, charging this defendant, and two others, with having manufactured prohibited liquors. The affidavit was signed by J. B. Sikes, and the warrant issued by J. N. Pollard, justice of the peace. What connection this paper has with the case on trial does not appear. There is no evidence tending to connect this paper with the pending suit. Such paper was clearly immaterial for any purpose, and burdened the defendant's case with the sworn opinion of a person not a witness to the facts in issue that there was probable cause for believing that defendant was guilty of the offense of manufacturing whisky.

The action of the court in admitting this evidence was error to a reversal.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.