(107 So. 223)

## McDONALD v. STATE. (1 Div. 638.)

(Court of Appeals of Alabama. Nov. 24, 1925. Rehearing Denied Feb. 9, 1926.)

On Rehearing.

Intoxicating liquors ⬥226—Admission of affidavit charging accused with possession of prohibited liquor held reversible error.

Admission in evidence, over objection, of an affidavit charging accused with possession of prohibited liquor as part of state's case, in prosecution for possessing prohibited liquor, held reversible error. .

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Jay McDonald was convicted of possessing prohibited liquors, and he appeals. Reversed and remanded on rehearing.

Hybart & Hare, of Monroeville, for appellant.

Neither an affidavit nor an indictment is competent evidence in a criminal case. The admission of the affidavit in this case constituted reversible error. Prater v. State, 69 So. 539, 193 Ala. 40.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

While an affidavit is not evidence of guilt, there was no error in its admission. Collins v. State, 106 So. 341, ante, p. 152.

BRICKEN, P. J. This prosecution originated in the county court; the charge being a violation of the state prohibition law by having in possession prohibited liquor. From a judgment of conviction in the county court, defendant appealed to the circuit court, and was there tried upon the original affidavit and complaint. He was again convicted; the jury assessing a fine of $50. From the judgment of conviction in the circuit court, this appeal was taken.

The evidence discloses a clear-cut issue of fact for the determination of the jury. In the rulings of the court upon the admission of the testimony to which exceptions were reserved, we find no error injuriously affecting the substantial rights of the defendant. The charges refused to defendant were properly refused. The record proper is without error. The ruling of the court upon motion for a new trial is not presented.

<hr/>

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment of conviction in the circuit court from which this appeal was taken is affirmed.

Affirmed.

## On Rehearing.

In the application for rehearing our attention is directed, for the first time, to the ruling of the court, wherein the court allowed the state to prove by one Bowden, the sheriff of the county, that he (the sheriff) did swear out the affidavit upon which the prosecution of this appellant was based, and that he remembered the time when the defendant, Will Manning, Will Neville, and Will Brown were said to have a keg of whisky near Mr. Rawls' crossing; and said affidavit of the sheriff in the county court was admitted in evidence as a part of the state's case; all this, over the insistent and strenuous objections of defendant, who duly and legally reserved exceptions to the court's rulings in this connection. In these rulings the court committed error to a reversal. The affidavit made by Bowden was not and could not be evidence in the case. Not even an indictment preferred by a grand jury can be taken as evidence in any case, and the paper here introduced, over the objection of defendant, was immaterial for any purpose; it was irrelevant also, and its admission in evidence as such was illegal. Moreover, it was injurious to the substantial rights of the defendant, in that it burdened the defendant's case with the sworn opinion of a person, not a witness to the facts in issue, that there was probable cause for believing that the defendant was guilty of the offense upon which he was then on trial. In the case of Moseley v. State, 99 So. 657, 19 Ala. App. 588, this court passed upon an identical ruling to the one here complained of, and held that it was reversible error to allow such paper in evidence over the objection and exception of defendant.

Other questions are presented in the application for rehearing. They will probably not arise again upon another trial.

Application granted. Reversed and remanded.