**RICHARDSON v. STATE.  (1 Div. 639.) ***

(Court of Appeals of Alabama.  Dec. 15, 1925. Rehearing Granted June 15, 1926.  Rehearing Denied Sept. 7, 1926.  Affirmed on Mandate Feb. 1, 1927.)

1. **Criminal law ⬡⟳1179—In prosecution for violating prohibition law, technical amendment, on appeal to circuit court, of affidavit on which defendant had been tried in county court, held not error (Code 1923, § 4646).**

In prosecution for violating prohibition law, amendment, on appeal to circuit court of affidavit on which defendant was tried in county court, held not error; Code 1923, § 4646, permitting amendment to prevent dismissal for informality, irregularity, or technicality, and no substantial right of defendant having been affected.

On Rehearing.

2. **Criminal law ⬡⟳346—Admission of sheriff's testimony and of his affidavit, basis of prosecution for violating prohibition law, to show time of offense, held error.**

In prosecution for violating prohibition law, admission of sheriff's testimony and his affidavit, basis of prosecution, to show time of alleged commission of offense, held error, state's case being bolstered up by jury's having before them, through admission of such testimony and affidavit, belief of chief executive officer of county to effect that defendant was guilty.

3. **Criminal law ⬡⟳858(3)—Affidavit, basis of prosecution, when admitted, may be taken to jury room and considered.**

When affidavit, basis of prosecution, is allowed in evidence, jury may take it to jury room when entering on consideration of facts, and may consider it as evidence.

4. **Criminal law ⬡⟳714—Prosecutor cannot, in closing argument, present state's case by stating that he is reading from notes of court stenographer.**

Where, on prosecutor's statement that he would read stenographer's transcribed notes to jury in closing argument, court, upon defendant's objection, excluded from jury such statement, such conduct held proper, prosecutor not being permitted to use such method in presenting state's case to jury.

5. **Criminal law ⬡⟳714—Prosecutor, in closing argument, can only tell jury his recollection of testimony.**

Prosecutor can only tell jury his recollection of testimony, in closing argument to them.

6. **Criminal law ⬡⟳1044—To make improper closing argument of prosecution, reviewable motion to exclude must be made at time of argument.**

Where, in prosecution for violating prohibition law, prosecutor's statement that he would read from court stenographer's notes was excluded by court, but prosecutor was subsequently permitted to read questions and answers, failure of defendant to move to exclude such matter held to bar appellate revision of matter.

Rice, J., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Paul Richardson was convicted of violating the prohibition law, and he appeals. Affirmed on mandate.

Certiorari granted by Supreme Court in Richardson v. State, 111 So. 204.

Hybart & Hare, of Monroeville, for appellant.

It was error to permit amendment of the original affidavit, by omitting the word "buy," without a reverification. Moore v. State, 165 Ala. 107, 51 So. 357. The introduction in evidence of the affidavit upon which the prosecution was begun was prejudicial error. Prater v. State, 193 Ala. 40, 69 So. 539. The

conduct of the solicitor in reading to the jury from the stenographer's notes calls for a reversal of the case. Davis v. State, 85 Miss. 416, 37 So. 1018.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., and L. S. Biggs, Sol., of Monroeville, for the State.

It was not improper to amend the affidavit by eliminating one of the offenses charged. Code 1923, § 4646; Miles v. State, 94 Ala. 106, 11 So. 403; Simpson v. State, 111 Ala. 6, 20 So. 572; Perry v. State, 78 Ala. 22; Echols v. State, 16 Ala. App. 138, 75 So. 814. The affidavit was admissible in evidence to establish the time of the offense and the prosecution. Thomas v. State, 19 Ala. App. 187, 96 So. 182; Wynne v. State, 115 Ala. 99, 46 So. 459; Simpson v. State, 214 Ala. 176, 106 So. 898.

SAMFORD, J. [1] The affidavit as originally made, and upon which this defendant was tried in the county court, charged that defendant did buy, sell, or have in his possession, prohibited liquors, etc. On appeal to the circuit court from a conviction in the county court, the court, on motion of the solicitor, struck from the affidavit the word "buy." The defendant objected to the amendment, and objected to being put to trial upon the affidavit as amended. Under the statute, the affidavit may be amended to meet the ends of justice, and to prevent a dismissal of the case upon any informality, irregularity, or technicality. We fail to see how any substantial right of the defendant was affected by the amendment as made. Code 1923, § 4646; Nelson v. State, 15 Ala. App. 102, 72 So. 510; May v. State, ante, p. 186, 106 So. 608.

The testimony of Sheriff Bowden and the affidavit signed by him were admissible upon the question of time.

In his argument to the jury, the solicitor read from a paper certain questions and answers, which he asserted were propounded and answered by one of the state's witnesses during his examination as a witness on the trial. Counsel have the right during argument to rehearse the testimony of witnesses. As to whether such evidence is correctly stated is a question for the jury. The court properly excluded from the jury the statement of the solicitor that he was reading from the stenographer's notes.

There is no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

PER CURIAM. [2, 3] Upon a further consideration of the ruling of the court in admitting in evidence the original affidavit by Sheriff Bowden over the objection and exception of defendant, we have reached the conclusion that there was prejudicial error in this ruling. It affirmatively appears without conflict that the question of the "time" of the alleged commission of the offense, therein charged, was not in controversy. There was no dispute upon the question that, if the offense here complained of was committed at all, it was in the month of December, 1924, at defendant's home in Monroe county. The only witnesses who gave evidence of any fact tending to connect the appellant with the offense charged were state witnesses S. D. Terry and his companion, B. Sellman; and, as stated, each of these witnesses testified that December, 1924, was the time that the alleged act was committed. This trial was had on March 28, 1925. Thus it affirmatively appears only three months had elapsed from the stated time of the commission of the alleged offense until the trial of this case. Where, therefore, the necessity to offer in evidence the original affidavit, even though the request to be allowed to do so was accompanied by a statement of the solicitor, "it is for the purpose of showing the time when the prosecution was begun in this case, and limiting it to the time only," was this a bona fide statement by the solicitor? Do the facts in this case tend to impress one that such statement was genuine and sincere, and in accord with the recognized high rules of practice? We think not. As stated, the question of time was not in controversy. There was no disagreement, argument, conflict, or contention as to the time. Under this aspect we are forced to the conclusion that its tendency is to the effect of trying to get to the jury illegal evidence, where a man's rights of property and his liberty are involved. Conduct of this character should be condemned by the courts; not condoned, approved, or commended. That it was hurtful error cannot be questioned. By the erroneous introduction in evidence of the original affidavit the jury had before them the verified statement that so high and important an official as the sheriff of their county "had probable cause for believing, and does believe, that the defendant was guilty of all or any of the offenses charged in the affidavit." When said affidavit is allowed in evidence, under our rules of practice, the jury takes it into the jury room when entering upon the consideration of the facts, and considers it as evidence. The attempted limitation as "to time" was of course abortive. Thus the state's case was bolstered up by the opinion and belief of the chief executive officer of the county, sworn to by him, to the effect that the defendant was guilty as charged. Can it be said that this did not affect the verdict of the jury. It is clear that the reasonable result of the jury being allowed to consider an affidavit of this character would be to affect their verdict. And in this respect there is analogy in the cases where it has been held the test to be, not that it did so affect

their verdict, but might it have done so. Driver v. Pate, 16 Ala. App. 418, 78 So. 412, and cases cited; Weaver v. State, 17 Ala. App. 507, 86 So. 179: Lakey v. State, 18 Ala. App. 442, 444, 93 So. 51; Taylor v. State, 18 Ala. App. 466, 93 So. 78. In the Taylor Case, supra, this court said:

"The sheriff is an officer of the court, his word in any county has weight, and when he gives expression to * * * his opinion, * * * it carries with it the weight of authority, and is bound to have influence with the jury."

Even an indictment is not evidence in a case; and certainly an ex parte affidavit of the sheriff, who admittedly knew no facts tending to connect this defendant with the alleged commission of the offense charged, can be given in evidence in order to foster conviction upon the defendant.

In Moseley v. State, 19 Ala. App. 588, 99 So. 658, this court said:

"To corroborate the main state's witness, the state was permitted, over the objection and exception of defendant, to introduce in evidence an affidavit and warrant, dated July 30, 1921, charging this defendant, and two others, with having manufactured prohibited liquors."

The Attorney General, representing the state in this court, insisted that "the affidavit and warrant introduced were admissible to fix the date of the commission of the offense." This court (through Samford, J.) said:

"What connection this paper has with the case on trial does not appear. * * * Such paper was clearly immaterial for any purpose, and burdened the defendant's case with the sworn opinion of a person not a witness to the facts in issue that there was probable cause for believing that defendant was guilty of the offense of manufacturing whisky. The action of the court in admitting this evidence was error to a reversal."

[4] As a part of his closing argument to the jury the solicitor stated "he had had the court stenographer transcribe a part of the testimony which he proceeded to read to the jury." The defendant objected to the solicitor reading to the jury what he had stated was the stenographer's notes of the testimony. The court sustained defendant's objection. The record shows that the following then occurred: "Mr. Hare (for the defendant): I move the court to withdraw from the jury any such statement." The court replied: "I will exclude from the jury his statement that he is reading from the stenographer's notes. He has the right only to tell the jury his recollection of the testimony, but the questions and answers are not competent." To this extent the court sustained the insistences of defendant, and, the rulings of the court being favorable, the defendant could not complain. A further colloquy ensued relative to the solicitor reading

to the jury from the statement of the testimony he held in his hands containing the questions propounded to witnesses and the answers, which statement had been transcribed by the court stenographer from his notes, at the request of the solicitor. The court called upon defendant to state his objection, and Mr. Hare, of counsel for defendant, stated: "My objection is to his reading from that paper certain questions asked and answers returned." The court stated: "I overrule the objection." Mr. Hare: "We except." It appears from the record that the solicitor in his argument to the jury then proceeded to read to the jury from the paper several questions which had been propounded to witnesses and their answers. There was no further objection upon the part of defendant; no motion to exclude this matter from the consideration of the jury; and no other ruling of the court invoked.

[5, 6] We are of the opinion that the court ruled correctly in holding that the solicitor could not resort to this method of presenting the state's case to the jury, and also ruled correctly in stating: "He has the right only to tell the jury his recollection of the testimony," etc. However, under the status disclosed by this record, we are unable to give defendant the benefit of the point, because the matter is not presented in a manner authorizing this court to so hold. In order that a question of this character may be reviewed, it is not only necessary that timely objection be interposed, and, if overruled, exception reserved, but the rule requires this must be followed by a motion to exclude the improper argument. Boyett v. State, 18 Ala. App. 363, 92 So. 515; Russell v. State, 19 Ala. App. 425, 428, 97 So. 845. Lambert v. State, 208 Ala. 42, 93 So. 708. As stated, after defendant's objection had been overruled, and the solicitor thereupon proceeded in argument as above indicated, no further objection was interposed by defendant, nor did he move to exclude this matter from the consideration of the jury. Neither did he request the court to instruct the jury to disregard this matter and not consider it. The general rule of practice, as announced in the opinions above cited, requires this to be done in order to invoke appellate revision.

From what has been said, the application for rehearing is granted, and the opinion of this court is amended to the extent that the judgment of the lower court be reversed and the cause remanded.

Application granted. Reversed and remanded.

RICE, J. (dissenting). I think the opinion prepared by SAMFORD, J., on the original submission of this case is correct in its conclusions. Even if the affidavit made by the

sheriff had no place in the trial, as so vigorously asserted by my brothers in the opinion on rehearing, yet I do not think its admission, taken in connection with the very explicit oral charge of the trial court, and in connection with the whole conduct of the trial, as shown by the record, was so hurtful as to call for a reversal of the case. But if I should be in error as to this view, surely I do not desire to assert that the solicitor's statement that the affidavit was offered in evidence for the purpose of showing when the prosecution was begun was not a "bona fide" statement, and that the facts did not tend to impress one that "such statement was genuine and sincere and in accord with the recognized high rules of practice." For all I know, and without knowing I would assume that, the solicitor was honest in his efforts to obtain a conviction.

I dissent.

PER CURIAM. Affirmed on authority of Paul Richardson v. State (Sup.) 111 So. 204.