(113 So. 648)

FULLER v. STATE. (5 Div. 602.)

Court of Appeals of Alabama. Oct. 26, 1926.

Rehearing Denied Nov. 16, 1926.

Walter S. Smith, of Birmingham, for appellant.

Harwell G. Davis, Atty Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

PER CURIAM. After a further consideration we are convinced that the judgment of conviction, from which this appeal was taken, should be reversed and the cause remanded. It is so ordered, and the decision of this court of September 7, 1926, affirming this case, is withdrawn and annulled. This opinion is substituted.

■ There was error in the ruling of the court in allowing the state to introduce into evidence in this case an indictment against one Dave Sterling. Such indictment could shed no light upon the guilt or innocence of the defendant on trial, and his case should not have been thus burdened. Likewise, it was error to allow in evidence what took place in the grand jury room relative to the investigation of a presentment against Dave Sterling and the returning of the indictment aforesaid. The objection to the evidence of witness Vann should have been sustained. Nor do we think the appearance bond of Dave Sterling was admissible in evidence. Sterling was not on trial, and was not a witness in this case. The relevancy or materiality of these matters is not apparent.

■ The rule is, to constitute material evidence, the facts offered must relate and go to the crime charged or have a legitimate and effective influence or bearing on the decision of the case then on trial. 22 Corpus Juris 65, 66. Measured by the foregoing rule, what does the testimony admitted tend to prove? Nothing as to the res gestæ itself, nor does it tend to show interest in this prosecution so as to impeach the testimony of Fuller. The status here presented is different from that if Dave Sterling had been on trial. He was not on trial, was not even a witness, and so far as this trial is concerned had no immediate connection therewith. Moseley v.

State, 19 Ala. App. 588, 99 So. 657. Each of these questions is properly presented, and the exceptions reserved in this connection must be sustained.

The rehearing is granted. Opinion substituted.

Reversed and remanded.