RICHARD A. ANSTEDT, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 6945

May 14, 1973                                  509 P.2d 968

164

*Robert A. Grayson,* of Carson City, for Appellant.

*Robert List,* Attorney General, of Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, GUNDERSON, J.:

Appealing his conviction for the crime of assault with a deadly weapon as defined in NRS 200.471, appellant contends:

(1) that the evidence was as a matter of law insufficient to establish an "assault";

(2) that remarks of the prosecutor during summation to the jury were improper and prejudicial; and

(3) that the court erred in limiting cross-examination of a prosecution witness.

We affirm appellant's conviction and sentence.

1. Under NRS 200.471, an "assault" is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." As we said in Wilkerson v. State, 87 Nev. 123, 482 P.2d 314 (1971): "Mere menace is not enough. There must be an effort to carry the intention into execution." Id. at 126.

In this case, evidence showed that appellant raised a knife and, voicing an aggressive utterance, moved within one and one-half feet of the alleged victim, whereupon defendant's friends intervened and pushed him away. In our view, this evidence justified the jury in determining that appellant had proceeded beyond mere menace, and had engaged in an actual effort to inflict bodily harm. On appeal, the issue is not whether this court would have found appellant guilty, but whether the jury properly could. Collins v. State, 87 Nev. 436, 488 P.2d 544 (1971); Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

2. The assertedly improper remarks of the prosecutor were directed primarily to two prosecution witnesses, Schultz and Adams, to the effect that the state's case would be weak if it had to rely only on them. So far as we can perceive, these remarks cannot have prejudiced appellant. In any event, except on one occasion, when the objection was properly overruled, defense counsel made no objection whatever to the prosecutor's remarks, and their assignment as error therefore will not be considered on appeal. Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972).

3. We perceive no prejudicial abuse of discretion in the trial court's action, limiting cross-examination. Cf. Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972).

The judgment of conviction and sentence is affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.