MARVIN LEE HULETT, JR., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8554

March 12, 1976                                     546 P.2d 1293

*Morgan D. Harris,* Public Defender, and *Keith E. Galliher, Jr.,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Marvin Lee Hulett, Jr., was convicted, by jury verdict, of second degree kidnapping (NRS 200.310(2)); and, it having been determined that he had used a deadly weapon in the commission of the crime (NRS 193.165), the trial judge imposed consecutive ten (10) year sentences. The sentences were made to run concurrently with an eight year sentence previously imposed pursuant to a conviction for robbery.

In this appeal Hulett contends we must reverse because (1) there was insufficient evidence to sustain the jury verdict; and, (2) the trial judge committed reversible error by permitting the prosecuting attorney, during closing argument, to read to the jury from a verbatim transcript of testimony. Neither contention has merit.

1. "On appeal, the issue is not whether this court would have found appellant guilty, but whether the jury properly could." Anstedt v. State, 89 Nev. 163, 165, 509 P.2d 968, 969 (1973).

In addition to the victim's convincing testimony, three other eyewitnesses gave ample evidence to enable the jury to conclude that Hulett was guilty, beyond a reasonable doubt. "Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will not disturb the verdict nor set aside the judgment." Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206, 207 (1974).

2. In support of his claim that it was reversible error for the prosecutor, during closing argument, to read from a verbatim transcript of testimony, Hulett argues that we should adopt the stand taken in People v. Hoggs, 307 N.E.2d 800 (Ill.App. 1974), and Richardson v. State, 111 So. 202 (Ala.App. 1925).

Indeed, *Hoggs* and *Richardson* did announce a rule which

prohibits transcript reading during closing argument.[1] However, in our view, the better rule is enunciated in United States v. Kuta, 518 F.2d 947, 954 (7th Cir.), *cert. denied,* ...... U.S. ......, 96 S.Ct. 446 (1975), which held that it is "... within the discretion of the trial court whether to permit counsel to read from the trial transcript during closing argument."

Historically, this has always been the rule of eighteen (18) of the twenty-one (21) jurisdictions that have considered and resolved the issue; and, it is now the rule in twenty (20) of those jurisdictions. Thus, Illinois stands alone in absolutely proscribing the practice.[2] We adopt the majority rule.

Perceiving no error, we affirm.

[1]In Lakey v. State, 61 So.2d 117, 121 (Ala. 1952), the Alabama Supreme Court rejected the *Richardson* rationale and stated, rather critically, that its intermediate appellate court's gratuitous observation regarding transcript reading "... was not necessary to [the] decision and hence no binding rule of practice was thereby enunciated."

[2]We note *dicta* espoused in an early Mississippi case (Davis v. State, 37 So. 1018 (Miss. 1905)) suggested there should be a rule similar to that in Illinois when the verbatim testimony "... is delivered by a prosecutor so eminently eloquent, vigorous, and forceful as the one who guarded the interest of the state in the case at bar." Id at 1020. However, we find no reported case which follows *Davis;* furthermore, Peel v. Gulf Transport Company, 174 So.2d 377 (Miss. 1965), specifically rejects the Illinois rule in civil cases. Thus, the viability of *Davis,* if any, is most suspect.