BERNARD THOMAS WALKER, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 10439

May 9, 1979                                          594 P.2d 710

*Michael A. Cherry,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Bernard Thomas Walker of robbery, a violation of NRS 200.380.[1] Walker appeals, claiming: (1) insufficiency of the evidence to support the verdict; and (2) the trial court erred in denying his motion for new trial based on alleged juror misconduct. We affirm the judgment.

1. Appellant contends his presence at the crime scene was the only substantial evidence linking him to the offense and the evidence is thus insufficient to support an inference that he was party to the robbery. Appellant's premise is belied by the record which contains the following evidence:

One or two seconds after the victim's feet were bound by an assailant, security officers discovered appellant standing over the victim, but no other persons were present in the area. Appellant wore shoes of an unusual style, matching the victim's description of those worn by one of the two black assailants. A few minutes before the incident, appellant was seen entering the casino, accompanied by another black male. This person was seen leaving the area immediately after scuffling noises alerted security officers, but before they discovered what had occurred. When he saw a security officer follow him, appellant's companion ran, indicating consciousness of guilt.

These circumstances, in addition to mere presence at the scene, clearly support an inference that appellant was party to the offense. Winston v. Sheriff, 92 Nev. 616, 555 P.2d 1234 (1976). The evidence is sufficient to support the verdict.

---

[1]NRS 200.380 provides in pertinent part:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury. . . ."

2. Appellant also claims the trial court erred in denying his motion for new trial based on juror misconduct. On voir dire by the court, juror No. 1 indicated he had never been a victim of a crime. During deliberations, this same juror remarked that he had been involved in a situation where robbers had ordered him to lie on the floor. This remark was reported by another juror to appellant's counsel two days after the verdict was rendered. At a hearing on the matter, the complaining juror, and a third juror who heard the remark during deliberations, both testified that it did not in any way influence their verdict. Juror No. 1 explained to the court that he had not been a victim, but had been present at a pool hall robbery ten years earlier.

Where it is claimed that a juror has answered falsely on voir dire about a matter of potential bias or prejudice, an exception is made to the general rule that jurors' statements will not be received to impeach the jury's verdict. McNally v. Walkowski, 85 Nev. 696, 462 P.2d 1016 (1969). "In the final analysis, the determination of what result should follow the failure of a juror to answer fully a question touching upon his qualification turns upon whether or not he was guilty of an intentional concealment. The determination of that question must be left with the sound discretion of the trial court." *Id.* at 701.

The trial court in this case considered the jurors' statements and determined a new trial was not warranted. In his decision denying the motion, the judge determined that juror No. 1 had not intentionally concealed a material fact relating to his juror qualifications, but had given truthful responses on voir dire. The court also decided the statements attributed to juror No. 1 during deliberations had not improperly influenced the jury or tainted its verdict. Appellant urges us to extend the *McNally* rule and require a new trial if juror information is unintentionally concealed. We decline to do so. We have reviewed the record thoroughly, and for the reasons stated by the trial court in its decision below, affirm the denial of appellant's motion for new trial.