JAMES LITTLE, APPELLANT, *v.* THE STATE
OF NEVADA, RESPONDENT.

No. 11193

March 26, 1981                                    625 P.2d 572

[3]The Governor designated The Honorable Frank B. Gregory, Senior District Judge, to sit in this case in the place of THE HONORABLE JOHN C. MOWBRAY, Justice. Nev. Const. art. 6, § 4; SCR 10.

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant was convicted of the sale of a controlled substance to a police informant. On appeal, appellant contends (1) that insufficient evidence was adduced against him, and (2) that the district court erred in refusing to grant his motion for a new trial grounded on charges of jury misconduct. We find these contentions to be without merit.

1. "On appeal, the issue is not whether this court would have found appellant guilty, but whether the jury properly could." Anstedt v. State, 89 Nev. 163, 165, 509 P.2d 968 (1973); Wheeler v. State, 91 Nev. 119, 120, 531 P.2d 1358 (1975); Hulett v. State, 92 Nev. 140, 141, 546 P.2d 1293 (1976);

Crawford v. State, 92 Nev. 456, 457, 552 P.2d 1378 (1976). "The jury is the sole and exclusive judge of the credibility of the witnesses and the weight to be given the evidence." King v. State, 87 Nev. 537, 538, 490 P.2d 1054 (1971); *Wheeler,* cited above; Cross v. State, 85 Nev. 580, 582, 460 P.2d 151 (1969). "Where there is substantial evidence to support a verdict in a criminal case, . . . [this] court will not disturb the verdict nor set aside the judgment." Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206 (1974); *Crawford,* cited above; *Hulett,* cited above.

In the instant matter the jury could well have decided to discount Little's testimony entirely. Doing so and choosing to credit instead the testimony of the informant and officer Hawkins was certainly within the jury's prerogative. *King,* cited above, and *Wheeler,* cited above. Although the record shows facts tending to discredit the informant,[1] her testimony as supported by that of officer Hawkins, if believed, constitutes sufficient evidence to convict the appellant of the crime of sale of a controlled substance. *Anstedt,* cited above; *Hulett,* cited above; and *Sanders,* cited above. The jury could properly conclude that the appellant was guilty of the crime charged. *Anstedt,* cited above.

2. In general, this court has adhered to the traditional rule which rejects jurors' affidavits to impeach their own verdict. *See* McNally v. Walkowski, 85 Nev. 696, 699, 462 P.2d 1016 (1969). However, in *McNally* we relaxed this exclusionary rule by holding that, when it is claimed a juror has answered falsely on voir dire about a matter of potential bias or prejudice, then affidavits of other jurors revealing such improper conduct may be received to impeach their verdict. This court also declared in *McNally,* and it has reiterated its declaration on several occasions, that "[i]n the final analysis, the determination of what result should follow the failure of a juror to answer fully a question touching upon his qualification turns upon whether or not he was guilty of an intentional concealment. The determination of that question must be left with the sound discretion of the trial court." McNally v. Walkowski, 85 Nev. at 701, 462 P.2d at 1019; Walker v. State, 95 Nev. 321, 323, 594 P.2d 710 (1979).

---

[1]The informant, the primary witness for the prosecution, was accurately portrayed to the jury as a six-year heroin addict, a full-time prostitute, and an ex-felon (breaking and entering, armed robbery) who, at the time of the incident involving Little, was known to the Las Vegas police as a probation violator from the State of Massachusetts.

152

Here the trial court, following the *McNally* guideline, admitted affidavits for the limited purpose of showing concealment of actual bias.[2] However, nothing in the record compels a finding of "intentional concealment" by the jurors. Consequently, the trial court acted well within its discretion when it determined that a new trial was not warranted. *McNally,* cited above, and *Walker,* cited above.

In Walker v. State, cited above, we declined to extend the *McNally* exception so as to require a new trial if potential bias or prejudice is unintentionally concealed. *Id.,* at 323. The district court did not err when it denied the appellant's motion for a new trial.

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and BEKO, D. J.,[3] concur.

---

[2]Specifically, several jurors are alleged not to have revealed their disbelief in the presumption of innocence, and to have failed to take to heart the court's instructions (1) that it was the State's duty to prove guilt beyond a reasonable doubt, and (2) that only evidence admitted in court should be considered.