133 Nev., Advance Opinion 41

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JERICHO JAMES BRIOADY, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 70311 |



FILED

JUN 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to jury verdict, of two counts of lewdness with a minor under the age of fourteen years. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

*Reversed and remanded.*

Karla K. Butko, Verdi,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Terrence P. McCarthy, Chief Appellate Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

To prevail on a motion for a new trial on the basis of juror misconduct during voir dire a defendant must demonstrate (1) that the juror at issue failed to honestly answer a material question, and (2) that a correct response would have provided a valid basis for a challenge for cause. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Based on the facts of this case, we further conclude that the district court erred in denying appellant Jericho Brioady's motion for a new trial on the basis of juror misconduct.

*FACTS AND PROCEDURAL HISTORY*

This case involves allegations by C.P. that she was molested by appellant Jericho Brioady, a family friend. C.P. was twelve years old at the time.

Following an investigation, the State charged Brioady with two counts of sexual assault on a child and three counts of lewdness with a child under fourteen years of age. Brioady proceeded to trial in January 2016.

During voir dire, the district court informed the venire of the importance of giving full, complete, and honest answers to any questions asked. The district court asked, "Has anybody been a victim of a crime? And if it's a personal matter, we'll take it on sidebar which means we'll talk privately." Two veniremembers advised that they had been molested as children. Another stated that her child had been a victim of molestation. Several other veniremembers indicated that they had been the victim of various property crimes. A veniremember who would later be selected for the jury, serving as Juror Three, said nothing during this line



of questioning. The State extensively questioned the veniremembers who had been molested or related to victims of molestation about their ability to be impartial. Juror Three did not volunteer any information during these inquiries.

The State also asked the venire to think of their "most serious secret," qualifying that they would not have to tell the secret. The State then asked veniremembers if they had ever told anyone their secret.[1] Juror Three indicated that she had a secret, and had eventually told a doctor whom she trusted. She did not reveal any further details about the secret. The defense exercised seven of its peremptory challenges, and waived the eighth.

Following the presentation of evidence, and after approximately ten hours of deliberation, the jury returned a verdict of guilty with respect to two counts of lewdness with a minor, and not guilty with respect to the remaining counts of sexual assault and lewdness.

On February 10, 2016, eleven days after entry of the verdict, Brioady filed a motion for new trial on the basis of juror misconduct. Brioady specifically alleged that it had come to his attention that Juror Three had failed to inform the court that she had been a childhood victim of molestation. At a hearing on the matter, Juror Three testified that she did not remember the court asking if anyone had ever been a victim of a crime. Despite the fact that she did not remember the question, Juror Three also stated that while she had been the victim of molestation as a

---

[1]This line of questioning could reveal how the veniremembers would react to evidence that the victim in this case waited several months to report the molestation.

 

child, she did not volunteer that fact, because she believed she could be a fair and impartial juror and did not consider herself to be a victim. She clarified, "[T]he truth is, I didn't feel it was necessary for me to bring up an event that happened when I was four years old."

Nonetheless, Juror Three acknowledged that she had thought of her prior molestation during the voir dire process, as she considered those events to be the "most serious secret" that she identified in response to the prosecutor's questions. Juror Three also testified that when she had disclosed the molestation, it was to a therapist that she had seen when she was an adult.

Juror Three testified that during deliberations she disclosed to the other jurors that she had been a victim of childhood sexual abuse. Nonetheless, Juror Three contended that she persuaded other jurors to find Brioady not guilty of the two sexual assault charges. On the apparent basis of this testimony, the district court denied the motion for a new trial, finding that Brioady had failed to demonstrate prejudice arising from the alleged misconduct of Juror Three.

Brioady appeals. Among other claims, he contends that the district court erred in denying his motion for a new trial on the basis of juror misconduct.

*Standard of review and timeliness of motion*

This court generally reviews the denial of a motion for a new trial following juror misconduct for an abuse of discretion. *Meyer v. State*, 119 Nev. 554, 561, 80 P.3d 447, 453 (2003).

With respect to the timeliness of a motion for a new trial, NRS 176.515 provides that:

1. The court may grant a new trial to a defendant if required as a matter of law or on the ground of newly discovered evidence.

. . . .

3. Except as otherwise provided in NRS 176.09187, a motion for a new trial based on the ground of newly discovered evidence may be made only within 2 years after the verdict or finding of guilt.

4. A motion for a new trial based on any other grounds must be made within 7 days after the verdict or finding of guilt or within such further time as the court may fix during the 7-day period.

In this case, the verdict was entered on January 22, 2016. Brioady did not file his motion for a mistrial until February 10, 2016. Because Brioady filed his motion more than seven days after entry of the verdict, the State argues that pursuant to NRS 176.515(4), his motion was untimely.

The State does not dispute that neither Brioady nor his counsel were aware of any potential misconduct by Juror Three until February 4, 2016, during a conversation with several deputy district attorneys. Under these circumstances, we conclude that any information related to misconduct by Juror Three was newly discovered evidence, which is governed by the provisions of NRS 176.515(3). Because Brioady filed his motion for a new trial within two years of the verdict, the district court did not err in considering the motion on the merits.

*The district court abused its discretion in denying the motion for a new trial*

Both this court and the United States Supreme Court have indicated that to obtain a new trial on the basis of juror misconduct during voir dire, "a party must first demonstrate that a juror failed to answer

honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *see also Lopez v. State*, 105 Nev. 68, 89, 769 P.2d 1276, 1290 (1989). With respect to the "honesty" prong of this inquiry, "[t]he motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *United States v. Edmond*, 43 F.3d 472, 473 (9th Cir. 1994) (quoting *McDonough*, 464 U.S. at 556). Generally, this "determination . . . turns upon whether or not [a juror] is guilty of *intentional concealment.*" *Lopez*, 105 Nev. at 89, 769 P.2d at 1290 (quoting *Walker v. State*, 95 Nev. 321, 323, 594 P.2d 710, 711 (1979)).

In *Edmond*, the Ninth Circuit examined a situation in which a juror, during a prosecution for armed robbery, disclosed that his family car had been stolen a year earlier but failed to disclose that he had also been an armed robbery victim 26 years earlier. 43 F.3d at 473. By way of explanation, the juror stated, "I just didn't think of it at the time. . . . It never really entered my mind. Being that long ago . . . I didn't even think of it . . . ." *Id.* Under these circumstances, the Ninth Circuit concluded that "simple forgetfulness" did not fall "within the scope of dishonesty as defined by *McDonough*," indicating that a new trial was not required. *Id.* at 474. Similarly, in *Lopez*, this court concluded that two jurors had not intentionally concealed information when they failed to disclose that they had been victims of child abuse. Both jurors indicated that they had not thought of child abuse as a crime, and were not deliberately attempting to withhold information. 105 Nev. at 89-90, 769 P.2d at 1290-91.

In this case, the district court concluded that while Juror Three had withheld information related to the prior molestation, her belief that she could be impartial indicated that her actions were not "intentional." This conclusion is clearly belied by the record. Regardless of Juror Three's motives, the record indicates a level of intentional concealment not present in either *Edmond* or *Lopez*. Juror Three's first explanation that she had forgotten about her childhood molestation was clearly belied by her subsequent testimony that she chose not to disclose because she believed she could be a fair and impartial juror, and did not consider herself to be a victim. Juror Three again acknowledged that she had thought of her prior molestation during the prosecutor's questions regarding a "most serious secret." Nonetheless, Juror Three still failed to disclose this information to the court.

Rather than forgetting her childhood experiences, Juror Three's testimony more consistently indicated that she believed the prior incident of molestation "wasn't relevant to me being an impartial juror." In this situation, the question of Juror Three's ability to be impartial was not a determination for her to make. It appears that any incident of molestation was serious enough that Juror Three discussed the incident with a therapist as an adult, and still regarded the molestation as a "serious secret." Juror Three's testimony at the post-trial hearing demonstrates that she knowingly failed to honestly answer a question during voir dire.

Given the nature of the allegations in this case, a truthful response by Juror Three would have very likely provided a basis for a

challenge for cause.[2] In addition, Brioady used one of his peremptory challenges to remove a veniremember who disclosed prior sexual abuse. As a result of Juror Three's failure to disclose, Brioady was deprived of any opportunity to use his remaining peremptory challenge to excuse Juror Three. Therefore, as the record in this case indicates both juror misconduct and resulting prejudice, the district court abused its discretion in denying Brioady's motion for a new trial.

## CONCLUSION

The testimony at the post-trial hearing indicated that Juror Three failed to honestly answer a material question during voir dire. Had Juror Three truthfully disclosed that she had been a childhood victim of molestation, this disclosure could have provided a valid basis for a challenge for cause. Under these circumstances, the district court abused its discretion in denying Brioady's motion for a new trial on the basis of

---

[2]In *Bowman v. State*, this court recently reiterated that to prevail on a motion for a new trial on the basis of juror misconduct during deliberation, a defendant must establish both (1) juror misconduct, and (2) that the conduct was prejudicial. 132 Nev., Adv. Op. 74, 387 P.3d. 202, 205 (2016). To the extent the district court applied *Bowman*, and relied on Juror Three's testimony that she had persuaded certain jury members to acquit Brioady of several charges to find a lack of prejudice, we note that this information is not relevant to the analysis set forth in *McDonough* or *Edmonds*. Further, we note testimony that "delve[s] into a juror's thought process [to reach a verdict] cannot be used to impeach a jury verdict and must be stricken." *Meyer v. State*, 119 Nev. 554, 563, 80 P.3d 447, 454 (2003).

juror misconduct. Accordingly, we reverse the judgment of the district court and remand this matter for a new trial.[3]

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

_____

[3]We have reviewed Brioady's remaining claims, including his claims that his statement to police detectives was wrongfully admitted; that his conviction was not supported by sufficient evidence; that his conviction violates the rule of *corpus delicti*; that the trial court erred in restricting cross-examination regarding prior false accusations by the victim; that the trial court wrongfully refused to give Brioady's proposed jury instruction on unlawful contact with a child; and that the imposition of a life sentence constitutes cruel and unusual punishment, and conclude that these claims lack merit.