NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10135 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00030-GMN-CWH-1 |
| v. | |
| DUSTIN MCCASKILL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District Judge.

Dustin McCaskill appeals from his sentence imposed upon revocation of

supervised release. One of the violations supporting revocation was a

determination by the district court that McCaskill had committed an assault under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Nevada Revised Statutes § 200.471, which requires "[i]ntentionally placing another person in reasonable apprehension of immediate bodily harm." Nev. Rev. Stat. § 200.471(1)(a)(2). This finding increased McCaskill's Sentencing Guidelines range from 3–9 months to 4–10 months, and the district court imposed a custodial sentence of 10 months, with no supervised release to follow.

The government did not submit evidence from which the "essential elements" of Nevada assault could be found by a preponderance of the evidence. *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). The text of the statute requires a showing that the victim reasonably apprehended "*immediate* bodily harm." Nev. Rev. Stat. § 200.471(1)(a)(2) (emphasis added). Nevada cases confirm that "[m]ere menace is not enough." *Anstedt v. State*, 509 P.2d 968, 969 (Nev. 1973); *see, e.g.*, *Rose v. State*, 255 P.3d 291, 298 (Nev. 2011). Viewed in the light most favorable to the government, the evidence in this case proves no more than that McCaskill made harassing and threatening comments to his probation officer over the phone and through email. On this record, it cannot be said that the officer feared *immediate* bodily harm. In fact, the officer admitted he did not face immediate bodily harm when he testified at the revocation hearing.

Because the government introduced insufficient evidence to support a finding that McCaskill committed assault as defined in Nevada Revised Statutes § 200.471, the district court should have sentenced him under a Sentencing

Guidelines range of 3–9 months.  We vacate McCaskill's sentence and remand for resentencing under the correct Guidelines range.  *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 & n.5 (9th Cir. 2011).

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

The mandate shall issue forthwith.