IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO ESTRADA-LOPEZ, A/K/A JULIO ESTRADALOPEZ, A/K/A MANUEL RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77869



FILED

MAR 17 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary while in possession of a firearm, two counts of attempted grand larceny auto, attempted robbery with the use of a deadly weapon, two counts of assault with a deadly weapon, carrying a concealed firearm or other deadly weapon, and resisting a public officer with the use of a firearm.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Julio Estrada-Lopez raises three main contentions on appeal.

First, Estrada-Lopez argues the district court erred in denying his motion to suppress his statement to law enforcement. Estrada-Lopez argues his Miranda[2] waiver was invalid and his subsequent confession was involuntary because he was "in the hospital, under police custody, recovering from a near-mortal injury," the machines monitoring his condition were constantly beeping, and the police read his rights "real quick." "A valid waiver of rights under Miranda must be voluntary, knowing, and intelligent." Mendoza v. State, 122 Nev. 267, 276, 130 P.3d 176, 181 (2006). To satisfy due process, a confession must be "made freely

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

20-10488

and voluntarily, without compulsion or inducement." *Passama v. State*, 103 Nev. 212, 213, 735 P.2d 321, 322 (1987). "When a defendant waives *Miranda* rights and makes a statement, the State bears the burden of proving voluntariness, based on the totality of the circumstances, by a preponderance of the evidence." *Dewey v. State*, 123 Nev. 483, 492, 169 P.3d 1149, 1154 (2007). Because a district court's voluntariness determination presents mixed questions of law and fact, we review de novo. *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005).

Estrada-Lopez' waiver of his rights was valid and his confession was voluntary. The detectives administered the *Miranda* warnings after the beeping from the machines stopped, and Estrada-Lopez acknowledged he understood the warnings. *See Miranda*, 384 U.S. at 468-69, 471 (holding that before an interrogation, law enforcement must clearly inform the suspect of his rights to counsel and to remain silent). Estrada-Lopez was neither young in age nor of low intelligence, and the tone of the interview, which lasted about an hour, was conversational and conducted only after nursing staff, who periodically entered and exited the room, told detectives that Estrada-Lopez was fit for an interview. *See Falcon v. State*, 110 Nev. 530, 534, 874 P.2d 772, 775 (1994) (reiterating that, "the validity of a defendant's waiver of his Fifth Amendment rights after receiving Miranda warnings must be determined in each case by examining the facts and circumstances of the case such as the background, conduct and experience of the defendant"); *Passama*, 103 Nev. at 214, 735 P.2d at 323 (listing factors to consider in determining voluntariness). Although Estrada-Lopez was in police custody in a hospital bed, interviewed a few weeks after surgery, suffering an abdominal infection, in pain, and on pain medication, the State demonstrated that his will was not overborne as he was alert and coherent, refused to give certain requested information, and showed he understood

his rights by ultimately ending the interrogation. *See Richard v. State*, 134 Nev. 518, 527, 424 P.3d 626, 633 (2018) (finding unavailing a defendant's "attempts to rely on the circumstances of his injury and medical treatment to undermine the validity of his *Miranda* waiver and statement" where he was responsive and alert while speaking to a detective); *Stewart v. State*, 92 Nev. 168, 170-71, 547 P.2d 320, 321 (1976) (reiterating that "mere intoxication will not preclude the admission of a defendant's statements unless it is shown that the intoxication was so severe as to prevent the defendant from understanding his statements or his rights"); *see also United States v. Lewis*, 833 F.2d 1380, 1384 (9th Cir. 1987) (holding voluntary a statement elicited from a suspect just returning from surgery and emerging from the effects of general anesthetic where the suspect was alert, responsive, and unresisting).

Estrada-Lopez further argues that the district court erred by not excluding statements he made after invoking his right to counsel. *See Dewey*, 123 Nev. at 488, 169 P.3d at 1152 (reiterating a suspect's *Miranda* right to counsel). Estrada-Lopez' first mention of an attorney was not a valid invocation of counsel because it was equivocal—he expressed both a preference to have his attorney present and a desire to redeem himself and get the truth out, then continued to speak with officers as they attempted to clarify if he was invoking his right to counsel. *See id.* at 488, 492-93, 169 P.3d at 1152, 1155 (reiterating that, "officers 'have no obligation to stop questioning' a suspect under *Miranda* unless the suspect makes an 'unambiguous and unequivocal' request for an attorney" and concluding a confession was voluntary when the defendant ended the interview (quoting *Davis v. United States*, 512 U.S. 452, 461-62, (1994))); *Stringer v. State*, 108 Nev. 413, 417, 836 P.2d 609, 611 (1992) ("Where a suspect is indecisive about waiving these rights, or makes an equivocal request for counsel, the

scope of such questions must be limited to the clarification of the request."). Once Estrada-Lopez unequivocally invoked his right to counsel, detectives stopped questioning him. Accordingly, we conclude that Estrada-Lopez' statements to detectives were freely and voluntarily given and thus the district court did not err in denying his motion to suppress. *Rosky*, 121 Nev. at 190, 111 P.3d at 694; *Passama*, 103 Nev. at 213, 735 P.2d at 322.

Second, Estrada-Lopez argues that three of the witnesses' out-of-court identifications from photographic lineups should have been suppressed because the procedures used were impermissibly suggestive. In reviewing a claim that a pretrial identification should be excluded, we consider "(1) whether the procedure [was] unnecessarily suggestive and (2) if so, whether, under all the circumstances, the identification [was] reliable despite an unnecessarily suggestive identification procedure." *Bias v. State*, 105 Nev. 869, 871, 784 P.2d 963, 964 (1989). We review the district court's findings of fact for clear error and the legal consequences of those facts de novo, *State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013), and will set aside a pretrial identification "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," *Cunningham v. State*, 113 Nev. 897, 904, 944 P.2d 261, 265 (1997) (quoting *Simmons v. United States*, 390 U.S. 377, 384, (1968)).

Estrada-Lopez, who is Hispanic, asserts that two of the witnesses were shown a lineup where only his photo included a distracting white background and a photo of an African-American male was included. Estrada-Lopez also takes issue with a lineup shown to a third witness where only Estrada-Lopez was pictured wearing "inmate garb." Estrada-Lopez further argues that the identifications were unreliable because one of the witnesses was arrested the same day as Estrada-Lopez and named another

SUPREME COURT
OF
NEVADA

(O) 1947A

4

person as the shooter, while another witness said she did not remember Estrada-Lopez' face and was inaccurate and inconsistent about his physical appearance.

Estrada-Lopez has not provided this court with a transcript of the hearing relevant to this issue. *See* NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the . . . review of the issues presented on appeal shall be included in the appendix."). We therefore must presume that the missing portion of the record supports the district court's conclusion that suppression was not warranted. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (stating that it is the appellant's responsibility to make an adequate appellate record and, "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision"). Moreover, the photo lineups and trial transcript support the district court's written order that the lineups were neither unduly suggestive nor unreliable because two of the witnesses had previously met Estrada-Lopez, another witness had viewed Estrada-Lopez up-close during the commission of the crime, the lineups generally included similarly looking individuals wearing similar attire, and the pictures' backgrounds did not mar the lineups. *Bias*, 105 Nev. at 871-72, 784 P.2d at 964-65; *see also Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) (providing a list of indicia of reliability); *Thompson v. State*, 125 Nev. 807, 814, 221 P.3d 708, 713 (2009) (concluding a lineup was not impermissibly suggestive where the photographs used matched the general description of the perpetrator). Under these circumstances, we perceive no error in the district court's denial of Estrada-Lopez' motion to suppress. *See Taylor v. State*, 132 Nev. 309, 320, 371 P.3d 1036, 1044 (2016) ("As long as the identification is sufficiently reliable, it is for the jury to weigh the evidence

and assess the credibility of the eyewitnesses." (internal quotation marks omitted)).

Third, Estrada-Lopez alleges the State presented insufficient evidence to convict of him of assault with a deadly weapon against a victim who was unavailable to testify at trial. Specifically, Estrada-Lopez claims that without that victim's testimony, the State could not prove he apprehended immediate bodily injury and that additionally the evidence failed to show an attempted battery. A person commits an assault by either "[u]nlawfully attempting to use physical force against another person" *or* "[i]ntentionally placing another person in reasonable apprehension of immediate bodily harm." NRS 200.471(1)(a)(1)-(2). An assault must go beyond "[m]ere menace" as "[t]here must be an effort to carry the intention into execution." *Anstedt v. State*, 89 Nev. 163, 165, 509 P.2d 968, 969 (1973) (quoting *Wilkerson v. State*, 87 Nev. 123, 126, 482 P.2d 314, 316 (1971)). In assessing a sufficiency-of-the-evidence claim, we evaluate "the evidence in the light most favorable to the prosecution" and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 117 Nev. 116, 122, 17 P.3d 998, 1002 (2001) (quoting *Domingues v. State*, 112 Nev. 683, 693, 917 P.2d 1364, 1371 (1996)).

Here, the indictment charged Estrada-Lopez with the two alternative theories of assault.[3] *See Walker v. State*, 116 Nev. 670, 673, 6 P.3d 477, 479 (2000) ("The State may proceed on alternate theories of

_____

[3]We reject Estrada-Lopez' contention that legislative history precludes the State from charging alternate theories as the statute's plain language clearly allows it. *See* NRS 200.471; *We the People Nev. v. Miller*, 124 Nev. 874, 881, 192 P.3d 1166, 1170-71 (2008) (holding that this court will interpret a statute according to its plain meaning when the plain language makes apparent the Legislature's intent).

liability as long as there is evidence in support of those theories."). Estrada-Lopez has not demonstrated that the State failed to present slight or marginal evidence during the grand jury hearing to support the assault charge proceeding to the jury for a verdict. *See Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 457, 305 P.3d 898, 906 (2013) ("A grand jury . . . needs only slight or marginal evidence to return an indictment."). And multiple witnesses testified that after ignoring officers' commands to drop his gun, Estrada-Lopez pointed a loaded firearm toward the victim while fingering a cross-shape on his chest, which caused another officer to shoot Estrada-Lopez. Because the issue is not whether this court would have found appellant guilty, but rather whether the jury properly could, we conclude there was sufficient evidence to support a conviction under NRS 200.471(1)(a)(1).[4] *Anstedt*, 89 Nev. at 165, 509 P.2d at 969 (affirming an assault conviction where the defendant "proceeded beyond mere menace, and had engaged in an actual effort to inflict bodily harm," by raising a knife, vocalizing aggression, and moving within feet of the victim—actions which resulted in the defendant's friends intervening and pushing him away); *see also Johnson v. Sheriff*, 91 Nev. 161, 163, 532 P.2d 1037, 1038 (1975) (reiterating that only "some act" is needed to support an attempt crime); *Mathis v. State*, 82 Nev. 402, 406, 419 P.2d 775, 777 (1966) ("As in any other case where the intent is material, the intent need not be proved

---

[4]To the extent Estrada-Lopez argues the district court erred in denying his oral motion to dismiss the assault-with-a-deadly-weapon charge against the unavailable victim, we find no abuse of discretion given that the State had not presented its case-in-chief when Estrada-Lopez made the motion. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing a district court's decision to grant or deny a motion to dismiss charges for an abuse of discretion).

by positive or direct evidence, but may be inferred from the conduct of the parties and the other facts and circumstances disclosed by the evidence." (quoting *State v. Thompson*, 31 Nev. 209, 217, 101 P. 557, 560 (1909))).[5]

Having considered Estrada-Lopez' claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Silver

cc: Hon. Carolyn Ellsworth, District Judge
Lance J. Hendron, Attorney at Law, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[5]As there was sufficient evidence to support the conviction under NRS 200.471(1)(a)(1), we need not address Estrada-Lopez' argument that there was insufficient evidence under NRS 200.471(1)(a)(2) because the named victim was unavailable to testify regarding "apprehension of immediate bodily harm."

SUPREME COURT
OF
NEVADA

(O) 1947A