EDWARD GEORGE PASSAMA, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 17315

April 9, 1987 735 P.2d 321

*Barbara Byrne,* Elko County Public Defender, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mark D. Torvinen,* District Attorney, and *John S. McGimsey,* Deputy District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction following a trial to the court. Edward Passama was convicted of three counts of lewdness with a child under fourteen years of age in violation of NRS 201.230. In this appeal, Passama contends his confession was coerced and therefore involuntary, so that it was a violation of due process to admit it at trial. We agree.

### FACTS

Passama, a resident of Jackpot, frequently permitted neighbor children to play in his home. One of these children reported some questionable behavior on Passama's part to her parents, and the police began to investigate whether he had been molesting the children. Passama voluntarily went to the sheriff's office in Elko to take a polygraph examination. The interrogation that followed was approximately five hours long and was recorded on video tape. Near the end of the five hour period, Passama confessed and signed two statements containing admissions.

Passama was initially charged with five counts of sexual assault, but only bound over to district court on three counts of lewdness with a minor. In district court he moved to suppress his statements and the video tape of the confession on the ground that the confession was involuntary as a result of psychological coercion. The motion was denied. During a bench trial, the video tape and Passama's statements were introduced into evidence.

Passama testified and stated that the girls' accusations were not true. He admitted he played with the girls and tickled them, but denied anything improper had occurred. He said he wrote the statements because he was pressured to do so by Sheriff Miller. He said Detective Ciszewski, who was also present during part of the interrogation, told him what to write.

### DISCUSSION

A confession is admissible only if it is made freely and voluntarily, without compulsion or inducement. Franklin v. State, 96 Nev. 417, 421, 610 P.2d 732, 734-735 (1980); *see also* Crew v. State, 100 Nev. 38, 675 P.2d 986 (1984). A criminal defendant is deprived of due process of law if his conviction is based, in whole or in part, upon an involuntary confession, and even if there is ample evidence aside from the confession to support the conviction. Jackson v. Denno, 378 U.S. 368, 376 (1964). In order to be voluntary, a confession must be the product of a

"rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 208 (1960). A confession is involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1963).

In recent cases, the United States Supreme Court has reiterated its view that certain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, are so offensive to a civilized system of justice that they must be condemned under the Due Process Clause of the Fourteenth Amendment. Miller v. Fenton, 474 U.S. 104, 106 S.Ct. 445, 449 (1985); Colorado v. Connelly, ...... U.S. ......, 107 S.Ct. 515 (1986). The court has retained this due process focus even after developing extensive law on the Fifth Amendment privilege against self-incrimination and applying it to the states. *See* Colorado v. Connelly, ...... U.S. ......, 107 S.Ct. at 520; *see also* Miranda v. Arizona, 384 U.S. 436 (1966); Malloy v. Hogan, 378 U.S. 1 (1964). The due process requirement that a confession must be voluntary to be admissible is independent of the Fifth Amendment concerns set out in *Miranda* and its progeny. *See* Miller v. Fenton, 474 U.S. 104, 106 S.Ct. at 449. The *Miller* court stated:

> . . . [T]he admissibility of a confession turns as much on whether the techniques for extracting the statements, as applied to *this* suspect, are compatible with a system that presumes innocence and assures that a conviction will not be secured by inquisitorial means as on whether the defendant's will was in fact overborne.

*Id.* 474 U.S. 104, 106 S.Ct. at 453, emphasis in original.

To determine the voluntariness of a confession, the court must consider the effect of the totality of the circumstances on the will of the defendant. *See* Schneckloth v. Bustamonte, 412 U.S. 218, 226-227 (1973). The question in each case is whether the defendant's will was overborne when he confessed. *Id.* at 225-226. Factors to be considered include: the youth of the accused; his lack of education or his low intelligence; the lack of any advice of constitutional rights; the length of detention; the repeated and prolonged nature of questioning; and the use of physical punishment such as the deprivation of food or sleep. *Id.* at 226.

Applying the totality of the circumstances test to the instant case, we conclude the confession was involuntary because Sheriff Miller had succeeded in overbearing Passama's will. Although Passama is not young or uneducated, his intelligence is low average. Passama was advised of his constitutional rights at the beginning of the interrogation and waived them. The five hour

length of the detention and the repeated and prolonged questioning that occurred during that time are far more important factors. The sheriff did not provide Passama with any food or drink other than coffee, and did not allow him to speak to his fiancee. *See* Haynes v. Washington, 373 U.S. 503 (1963) (detainee not allowed to call his wife). Passama stated repeatedly he trusted Miller, and Miller was initially very friendly.

The promises Miller made to Passama are the crucial aspect of the interrogation. If these promises, implicit and explicit, tricked Passama into confessing, his confession was involuntary. *See* Franklin v. State, *supra,* 96 Nev. at 421. Miller told Passama that he would tell the prosecutor if Passama cooperated. This can be a permissible tactic. United States v. Tingle, 658 F.2d 1332, 1336, n. 4 (9th Cir. 1981). Miller also told Passama he would go to the D.A. and see Passama went to prison if he was not entirely truthful. It is *not* permissible to tell a defendant that his failure to cooperate will be communicated to the prosecutor. *Tingle,* 658 F.2d at 1336, n. 5.

The following excerpts from a partial transcript of a portion of the video tape are illustrative of Sheriff Miller's interrogation technique:

> If you did expose yourself purposely, and you keep saying no you didn't, no you didn't, and the test shows you did, I won't help you one bit, I won't, but if you want to stand up and be a man and be counted now like you were counted when you went to Vietnam—but you've got to help yourself, Ed, don't sit there and lie to me, 'cause if you're lying to me I'll push it and I'll see that you go to prison. . . . Now you sit there and you think about wanting to touch, did touch, accidentally touched. Don't answer me, yet! I want you to think about that, 'cause I'm gonna look at this chart some more, the ball is in your court right now, don't let it get away from you. Go into court not lying and we'll help you. . . . I want you to think about every time you've touched them, where you touched them, how it happened, if you've exposed yourself to any other girls, and don't lie to me, if you don't lie to me I'll help you, but if you lie I'll tell the D. A. to go all the way. You tell me when you're ready to talk.

Sheriff Miller's "carrot and stick" approach began to yield results. He continued to urge Passama to talk, and finally Passama said, "If I need help, I need help. Where do I need help?" The sheriff answered, "You tell me. You were there." When Passama did not respond, the sheriff told him, "I believe you touched those girls out of affection. Lots of people do that."

Passama asked, "Okay, where did I touch them?" Sheriff Miller replied, "The vagina." The sheriff continued to suggest how the improper fondling had occurred until he secured the written confessions.

The United States Supreme Court has emphasized that police overreaching is the crucial element in cases involving due process challenges to confessions. Colorado v. Connelly, *supra*, ...... U.S. ......, 107 S.Ct. at 520. The short excerpts from Passama's interrogation quoted above demonstrate that Sheriff Miller used impermissibly coercive methods to extract Passama's confession. As Justice Frankfurter aptly remarked: "Law triumphs when the natural impulses aroused by a shocking crime yield to the safeguards which our civilization has evolved for an administration of criminal justice at once rational and effective." Watts v. Indiana, 338 U.S. 49, 55 (1949), citation omitted.

We adhere to the safeguards of civilization and hold that Passama's confession was the product of police coercion, and therefore involuntary. It was a violation of Passama's due process rights to admit it into evidence at trial. Thus, the conviction cannot stand and Passama must be afforded a new trial, with no evidence taken from the five hour interrogation. In light of this holding, we need not reach Passama's other contentions. Accordingly, the judgment is reversed, the sentence vacated, and the cause remanded for a new trial.