An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEBARON SANDERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59355

**FILED**

MAY 1 4 2013

 TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction entered pursuant to a jury verdict of conspiracy to commit robbery, two counts of attempted robbery with the use of a deadly weapon, conspiracy to commit murder, murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Sufficiency of the evidence

Appellant Debaron Sanders contends that insufficient evidence supports his convictions for conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, and conspiracy to commit murder. He specifically claims that the State failed to prove that he agreed to participate in a conspiracy and intended to rob the victims. He further asserts that the district court erred by not advising the jury to acquit him of these offenses. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crimes beyond a reasonable doubt. McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

The jury heard testimony that Undrewent Evans drove Sanders, Larry Bailey, and Gregory Boyd to a party in her car. When they arrived, they encountered the two victims and asked whether the party was over. The victims stated that the party ended after the police arrived and they were leaving the area because they were carrying guns. The victims walked away and Sanders, Bailey, and Boyd got back into Evans' car. Boyd suggested that they should rob the victims of their guns. Evans had given Bailey the keys to her car, so Sanders, Bailey, and Boyd used her car to pursue the victims. Bailey drove past the victims and parked the car ahead of their direction of travel. As the victims traveled past the parked car, Boyd and Sanders got out and shot at the victims as they ran away. Bailey urged Boyd and Sanders to get back in the car and then drove to the Denny's restaurant where they were apprehended. Sanders testified that Bailey was the getaway driver for the robbery and admitted that he fired eight rounds at the back of a victim who was running away.

We conclude that a rational juror could reasonably infer from this evidence that Sanders conspired with others to commit robbery and murder and attempted to commit robbery with the use of a deadly weapon. See NRS 193.165(1); NRS 193.200; NRS 193.330(1); NRS 199.480(1); NRS 200.010; NRS 200.380(1); Sharma v. State, 118 Nev. 648, 659, 56 P.3d 868, 874 (2002) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime, which are capable of proof at trial."); Garner v. State, 116 Nev. 770, 780, 6 P.3d 1013, 1020 (1998) ("Evidence of a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement and support a conspiracy conviction."), overruled on other grounds by Sharma, 118 Nev.

at 655, 56 P.3d at 872. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. See Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). We further conclude that the district court acted within its discretion by not issuing an advisory verdict. See NRS 175.381(1); Milton v. State, 111 Nev. 1487, 1493, 908 P.2d 684, 688 (1995).

Suppression motion

Sanders contends that the district court erred by denying his pretrial motion to suppress his confession because it was not freely and voluntarily given. He claims that because of the length of his detention, food and sleep deprivation, his youth and lack of education, and the detective's use of religious coercion, his will was overborne by the police interrogation.

"A confession is admissible only if it is made freely and voluntarily, without compulsion or inducement." Passama v. State, 103 Nev. 212, 213, 735 P.2d 321 P.2d 321, 322 (1987). "The question of the admissibility of a confession is primarily a factual question addressed to the district court: where that determination is supported by substantial evidence, it should not be disturbed on appeal." Chambers v. State, 113 Nev. 974, 981, 944 P.2d 805, 809 (1997). In determining whether a confession was made voluntarily, the court looks to the totality of the circumstances, considering "the youth of the accused; his lack of education or low intelligence; the lack of any advice of constitutional rights; the length of detention; the repeated and prolonged nature of questioning; and the use of physical punishment such as the deprivation of food or sleep." Passama, 103 Nev. at 214, 735 P.2d at 323.

The district court conducted a suppression hearing, denied the motion, and made the following factual findings on the record: (1) Sanders was bright and articulate and did not have any deficiencies based on youth that would justify suppressing the statement; (2) the uncontroverted evidence was that God was not mentioned at all during the interview; (3) the detective did not go out of his way to show the cross that was embossed on his notebook or discuss its importance during the interview; (4) the length of Sanders' detention did not raise concerns; (5) Sanders was not subjected to repeated questioning and the interview lasted for about 20 minutes; and (6) Sanders "may have been up for some long period of time, but it wasn't that the state agents kept him up forever then tried to question him, or any other things that would . . . justify the suppression of the confession." The district court's conclusion that Sanders' confession was voluntary is supported by substantial evidence and is not clearly wrong. Accordingly, Sanders has failed to demonstrate error in this regard.

Batson challenge

Sanders contends that the district court erred by rejecting his Batson challenge to the State's use of a peremptory challenge to remove an African-American woman from the venire. See Batson v. Kentucky, 476 U.S. 79 (1986). He claims that the State's disparate questioning of the venire and implausible explanations for striking juror 210 demonstrated purposeful discrimination and the district court's decision to grant the State's peremptory challenge deprived him of a fair trial by an impartial jury.

A Batson challenge requires the district court to employ a three-step analysis:

> (1) the opponent of the peremptory challenge must make out a prima facie case of discrimination, (2) the production burden then shifts to the proponent of the challenge to assert a neutral explanation for the challenge, and (3) the trial court must then decide whether the opponent of the challenge has proved purposeful discrimination.

Ford v. State, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). Circumstantial evidence may be relevant in determining whether the reasons offered for the peremptory challenge of a minority prospective juror are pretext for discrimination. Id. at 405, 132 P.3d at 578-79 (discussing factors to be considered when determining whether a prosecutor's reasons for a peremptory challenge are pretextual). "The trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal." Walker v. State, 113 Nev. 853, 867-68, 944 P.2d 762, 771-72 (1997) (internal quotation marks omitted).

Sanders objected to the State's peremptory challenge of juror 210 because she was the only African American on the venire. The State offered the following explanations for the challenge: (1) juror 210 did not like the way the police responded when she reported a carjacking; (2) she indicated in a visual manner that she was against the death penalty, juror 11 was also challenged when he expressed concerns about the death penalty; (3) she and juror 189 reacted in a visual manner to a comment about giving more credence to police officers than other individuals, juror 189 was also challenged; (4) she and juror 189 constantly talked to each other during voir dire, raising concerns that she might not follow the trial or would discuss the case before deliberations; and (5) she had a visual reaction to juror 209's comment about self-defense, leaned over and looked down at him, made a comment to juror 189, and then stated, "I have been

in martial arts for 20 years. You have a right to defend yourself." Sanders disputed the State's explanations, stating that juror 210 affirmatively asserted that she could be fair and impartial after learning that this was not a capital case and her negative experience with law enforcement was not a race-neutral reason for striking a juror because the vast majority of African Americans have had negative experiences with law enforcement.

The district court determined that jurors 210 and 239 were the only African Americans on the venire and juror 239 was excused for cause; observed that a juror's visible reaction to questions may lead to more questions and raise concerns as to whether the juror is answering the question or meant the substance of his or her answer; and found that the State's explanations for the challenge were not singular to juror 210 and were race-neutral. Because "discriminatory intent is not inherent in the State's explanation[s]" and the explanations are not "implausible or fantastic," we conclude that the district court did not clearly err in rejecting Sanders' Batson challenge. Ford, 122 Nev. at 403, 404, 132 P.3d at 578.

Proposed defense instruction

Sanders contends that the district court abused its discretion by refusing to instruct the jury on voluntary manslaughter because evidence was presented that he was scared and confused, did not know what was going on, and shot at the victims in that state of mind.

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "[A] defendant is entitled to a jury instruction on a lesser-included offense if there is any evidence at all,

however slight, on any reasonable theory of the case under which the defendant might be convicted of that offense." Rosas v. State, 122 Nev. 1258, 1264-65, 147 P.3d 1101, 1106 (2006) (internal quotation marks omitted). Voluntary manslaughter is a lesser-included offense of murder, Williams v. State, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983), and is described and defined by NRS 200.040, NRS 200.050, and NRS 200.060.

Some evidence was presented that would justify instructing the jury on voluntary manslaughter. The jury heard testimony that the victims were believed to possess guns, the victims appeared to reach for these guns, Sanders thought the victims were going to shoot, Sanders heard shots, and Sanders was scared for his life and reacted by shooting at the victims. See NRS 200.050(1) (voluntary manslaughter requires "a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing" (emphasis added)). Although we conclude that the district court erred by refusing to instruct the jury on voluntary manslaughter, "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case." Crawford, 121 Nev. at 756, 121 P.3d at 590.

Cumulative error

Sanders contends that cumulative error deprived him of a fair trial. We conclude that there was one error, the error was harmless, and Sanders was not deprived of a fair trial. See U.S. v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."); Pascua v. State, 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006).

Having considered Sanders' contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                              Saitta


cc:     Hon. Douglas W. Herndon, District Judge
        Oronoz & Ericsson
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk