An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCISCO ANTONIO LARA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61431

**FILED**

OCT 1 6 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of sexual assault of a child under 14 years of age and one count of attempt to suborn perjury. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Appellant Francisco Antonio Lara raises four contentions on appeal.

*Psychological examination*

Lara argues that the district court erred in denying his motion to compel a psychological examination of the victim. We discern no abuse of discretion. *Abbott v. State*, 122 Nev. 715, 723, 138 P.3d 462, 467 (2006) (reviewing decision regarding psychological examination for abuse of discretion). Lara did not demonstrate a "'compelling reason for such an examination.'" *Koerschner v. State*, 116 Nev. 1111, 1116, 13 P.3d 451, 455 (2000) (quoting *Washington v. State*, 96 Nev. 305, 307, 608 P.2d 1101, 1102 (1980)), *holding modified on other grounds by State v. Eighth Judicial Dist. Court (Romano)*, 120 Nev. 613, 623, 97 P.3d 594, 600 (2004), *overruled by Abbott*, 122 Nev. 715, 138 P.3d 462; *Abbott*, 122 Nev. at 727, 138 P.3d at 470. Whether a compelling need for an examination exists is determined by the consideration of three factors: (1) whether the State

has called or obtained some benefit from a psychological or psychiatric expert, (2) whether the evidence of the crime "is supported by little or no corroboration beyond the testimony of the victim," and (3) whether a reasonable basis exists to believe that the mental or emotional state of the victim may have affected his or her veracity. *Koerschner*, 116 Nev. at 1116-17, 13 P.3d at 455. Here, the State did not benefit from a psychological expert on the victim's mental state. While the State did present expert testimony, that testimony addressed the techniques employed in an interview conducted by the defense investigator. Further, Lara was convicted, not solely on the testimony of the victim, but also on his own admissions. Lastly, Lara did not demonstrate a reasonable basis to believe that the victim had any underlying condition that could have affected her veracity and thus necessitate such testimony. While Lara pointed to factors such as a contentious relationship between him and the victim's mother, inconsistent reports of abuse, and trouble in the victim's home, these issues did not demonstrate that the victim suffered from a psychological condition that necessitated an examination in order to assess her credibility.

*Hearsay*

Lara contends that the district court erred in admitting testimony about the victim's reports of abuse as well as the victim's recorded statement. He asserts that the statements constituted hearsay and were unnecessarily cumulative. The district court held a trustworthiness hearing outside the presence of the jury to assess the admissibility of the statements. The court determined that the challenged statements regarding the initial disclosures of the sexual abuse and the recorded interview contained sufficient indicia of reliability. The

statements were spontaneous, not the result of repetitive questioning, without apparent motive to fabricate, the terminology was consistent with a child of that age and did not appear rehearsed, and the child was in a mental state consistent with the nature of the event. *See* NRS 51.385(2) ("In determining the trustworthiness of a statement [by a child describing sexual abuse], the court shall consider, without limitation, whether: (a) The statement was spontaneous; (b) The child was subjected to repetitive questioning; (c) The child had a motive to fabricate; (d) The child used terminology unexpected of a child of similar age; and (e) The child was in a stable mental state."). Furthermore, the victim testified and was subjected to cross-examination at trial. Based on our review of the hearing and the district court's findings, we conclude that the district court did not abuse its discretion in admitting the statements pursuant to NRS 51.385. *See Pantano v. State*, 122 Nev. 782, 790-91, 138 P.3d 477, 482-83 (2006) (reviewing decision to admit testimony under NRS 51.385 for abuse of discretion). Lara also did not demonstrate that the statements were unnecessarily cumulative. *See* NRS 48.035(2) (providing that relevant evidence "may be excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence"); *see also Felix v. State*, 109 Nev. 151, 200, 849 P.2d 220, 253 (1993) ("[T]he unlimited admission of repetitive hearsay testimony can jeopardize the fundamental fairness of the entire trial proceeding."), *superceded by statute as stated in Evans v. State*, 117 Nev. 609, 625, 28 P.3d 498, 509 (2001). We have recognized that once a child victim's accusations of abuse have been "presented by one or more witnesses as to the time, the place, and the incident and any challenges to the victim's credibility are fairly met, additional hearsay

allegations should be restricted." *Felix*, 109 Nev. at 200, 849 P.2d at 253. In *Felix*, this court concluded that the defendant was unfairly prejudiced by repeating the child victim's accusations six times through witnesses and a videotape of the victim's preliminary hearing testimony. *Id.* at 202-03, 849 P.2d at 254-55. In contrast, the victim's accusations in this case were only repeated by the two witnesses to whom the victim initially reported the abuse in addition to the introduction of her voluntary statement. Further, the additional testimony about the victim's statements identified instances of abuse beyond those described in the victim's testimony. *See id.* at 200, 849 P.2d at 253 (noting that testimony introduced pursuant to NRS 51.385 is not impermissibly cumulative when it includes details as to the time and place of abuse which were not provided by other witnesses).

*Lara's statements to police*

Lara argues that the district court erred in admitting his oral and written statements. He asserts that the oral statements were involuntary and that he wrote the letter to the victim under the direction of the police. *See generally Miranda v. Arizona*, 384 U.S. 436 (1966). We disagree. "[V]oluntariness determinations present mixed questions of law and fact subject to this court's de novo review." *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). "[T]he voluntariness analysis involves a subjective element as it logically depends on the accused's characteristics." *Id.* at 193, 111 P.3d at 696; *Passama v. State*, 103 Nev. 212, 214, 735 P.2d 321, 323 (1987) (listing factors relevant to voluntariness determination); *see also Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181-82 (2006) (*Miranda* waiver is voluntary "'if, under the totality of the circumstances, the confession was the product of a free

and deliberate choice rather than coercion or improper inducement'" (quoting *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998))).

The district court conducted a hearing on Lara's motion to suppress and determined that his *Miranda* waiver was voluntary based on the totality of the circumstances. The district court found that Lara was informed of his rights pursuant to *Miranda* and the police did not engage in coercive activity that overpowered his will. We agree and conclude that the district court did not err by admitting Lara's statement and letter.

*Sufficiency of the evidence*

Lara argues that one of his convictions for sexual assault of a minor under the age of fourteen is not supported by the evidence. He asserts that the victim testified that digital penetration only occurred one time and therefore no evidence supports the second charge alleging digital penetration. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (emphasis and internal quotation marks omitted); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, the victim testified that Lara digitally penetrated her genital opening once. However, in the victim's statement to police, she stated that Lara put his hand down her pants twice and on two or three other occasions he applied lotion to the inside of her genital area. The victim's mother testified that the victim told her that Lara put his hands down her pants "[a]ll the time." We conclude that a rational trier of fact could reasonably infer from this evidence that Lara digitally penetrated the victim more than once, *see* NRS 200.366(1), and that substantial evidence supports the verdict. *See McNair v. State*, 108 Nev. 53, 56, 825

P.2d 571, 573 (1992). Although some evidence may have suggested that Lara only abused the victim once in this fashion, it was for the jury to assess the weight and credibility of that evidence. *See Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003).

Having considered Lara's contentions and concluding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Ronald J. Israel, District Judge
  Sandra L. Stewart
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A