An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVONTAY ADAMSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62563

**FILED**

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant Travontay Adamson contends that insufficient evidence supports his convictions. We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Mitchell v. State,* 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, the victim testified that he worked for a pizza parlor and received a large order on the night of the robbery. The woman who placed the order instructed the victim to deliver the pizzas to a home that later turned out to be abandoned. When the victim arrived, several young men approached him; two men entered the vehicle while the third pointed a gun at the victim's head and told him to leave the scene. The suspects fled in the victim's delivery vehicle.

Law enforcement traced the phone number of the woman who placed the order. The woman admitted that she had information about

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31167

the crime and identified the suspect who pointed the gun at the victim as "Bobo." Law enforcement determined that Adamson used to live at the abandoned home where the pizzas were delivered, and the woman who placed the order confirmed that Adamson was the man she knew as "Bobo." Adamson confessed to robbing the victim and the victim identified Adamson at trial as the man who robbed him.

We conclude that the jury could reasonably infer from the evidence presented that Adamson committed the charged crimes. *See* NRS 193.165 (additional penalty for the use of a deadly weapon); NRS 199.480(1) (conspiracy); NRS 200.380(1)(a) (robbery). Although prior to the in-court identification the victim stated that he would have difficulty identifying the suspect, it is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State,* 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also Garner v. State,* 116 Nev. 770, 780, 6 P.3d 1013, 1020 (2000) ("Conspiracy is seldom demonstrated by direct proof and is usually established by inference from the parties' conduct."), *overruled on other grounds by Sharma v. State,* 118 Nev. 648, 56 P.3d 868 (2002).

Second, Adamson contends that the district court erred by admitting his confession into evidence because he did not knowingly and intelligently waive his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). A waiver of one's rights is knowing and intelligent provided that it has "been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine,* 475 U.S. 412, 421 (1986). "The inquiry as to whether a waiver is knowing and intelligent is a question of fact, which is reviewed for clear error." *Mendoza v. State,* 122 Nev. 267, 276, 130 P.3d 176, 181 (2006).

Specifically, Adamson asserts that he did not appreciate the consequences of waiving his rights because an officer referred to them as "mumbo-jumbo." The district court conducted an evidentiary hearing and concluded that Adamson's waiver was valid because the officer clearly explained the rights and, under the totality of the circumstances, the record indicated that Adamson understood his rights and the consequences of abandoning them. We conclude that the district court did not clearly err in making this determination.

Third, Adamson contends that the district court erred by admitting his confession into evidence because the officer's mention of Adamson's close friend rendered it involuntary. "In order to be voluntary, a confession must be the product of a rational intellect and a free will," rather than "physical intimidation or psychological pressure." *Passama v. State*, 103 Nev. 212, 213-14, 735 P.2d 321, 322-23 (1987) (internal quotation marks omitted). When reviewing a district court's determination that a confession was voluntary, we review its factual findings for clear error and its legal conclusion de novo. *See Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). Here, the district court found that the confession was voluntary because the interview was short, there were no threats or intimidating behavior on the part of law enforcement, and Adamson responded intelligently to officer's questions and even corrected their misstatements. Having considered the totality of the circumstances, we conclude that the district court did not err by determining that Adamson's confession was voluntary. *Id.* at 193-94, 111 P.3d at 696 (considering factors such as "the youth of the accused; his lack of education or his low intelligence; the lack of any advice of constitutional rights; the length of detention; the repeated and prolonged nature of questioning; and the use of physical punishment" (alteration and quotation marks omitted)).

Fourth, Adamson contends that the district court erred by rejecting his proposed instructional changes, which provided that the jury must determine whether he was "guilty or not guilty" as opposed to "guilty or innocent." Adamson claims that the "guilty or innocent" wording deprived him of his theory of defense and undercut the State's burden of proof. Whether an instruction given at trial accurately stated the law is reviewed de novo. *See Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009). The instructions given at trial in this case correctly stated that Adamson was presumed innocent and that the State bore the burden of proving guilt beyond a reasonable doubt; the instructions did not imply that the jury must find Adamson "innocent" in order to acquit. The jury was also correctly instructed on Adamson's theory of the defense. We conclude that the district court did not err.

Fifth, Adamson contends that cumulative error entitles him to relief. Having determined that the district court did not err, we conclude that this claim lacks merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

 

cc:    Hon. Jerome T. Tao, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A