# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DEONTE PATTERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71439

**FILED**

JUL 1 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Michael Deonte Patterson's February 25, 2015, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Patterson argues that he received ineffective assistance of trial counsel, raising ten such claims, and that the district court should have held an evidentiary hearing on his claims. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is

17-23016

strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Patterson first argues that trial counsel should have investigated discrepancies between the typed and handwritten accounts of his FBI interview. Patterson, however, has not identified discrepancies, but rather additional minor details included in the typed report and not the handwritten notes. Trial counsel cross-examined the FBI agent on the two accounts at trial, and the agent explained that the typed account constituted the formal report and provided a narrative of the interview, written in coordination with his partner who was present at the interview, while the handwritten notes were written contemporaneously. As the additional details were minor and the agent explained the process by which the formal report might provide a fuller account than his contemporaneous notes, Patterson has failed to show that counsel's performance was deficient for not investigating the two accounts more thoroughly or that he was prejudiced by counsel's performance. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (petitioner claiming counsel did not conduct adequate investigation must specify what a more thorough investigation would have uncovered). The district court therefore did not err in denying this claim without an evidentiary hearing.

Second, Patterson argues that trial counsel should have requested a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964), on the voluntariness of his confession and should have objected to the trial

court's determination that such a hearing was unnecessary. Counsel was not ineffective because a challenge to the voluntariness of Patterson's confession would have been futile where the questioning was less than two hours in duration and thus not prolonged and Patterson was given water when requested, was an adult, did not have a particular lack of education or low intelligence, was informed of and waived his rights, and affirmatively agreed to speak with the agents. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (holding that counsel is not ineffective for failing to raise a futile claim); *Passama v. State*, 103 Nev. 212, 213-14, 735 P.2d 321, 322-23 (1987) (noting *Jackson* and discussing standard for reviewing voluntariness of a confession). Further, such a request would have been futile after the trial court determined that such a hearing was not warranted after denying Patterson's suppression claim on other grounds. The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Patterson argues that trial counsel should have provided a more robust argument in favor of his motion to suppress his confession on the basis that the arrest warrant lacked probable cause. This court concluded that the trial court did not abuse its discretion in denying the suppression motion because there was a substantial basis for concluding that probable cause existed. *Patterson v. State*, 129 Nev. 168, 173 n.4, 298 P.3d 433, 436 n.4 (2013); *see Doyle v. State*, 116 Nev. 148, 158, 995 P.2d 465, 472 (2000) (reviewing challenges to probable cause for support by a substantial basis). That such a challenge lacked merit is the law of the case, *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975), and Patterson has failed to show that counsel's performance was objectively deficient in not litigating a meritless motion more aggressively

or that he was prejudiced by counsel's performance. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Patterson argues that trial counsel should have developed a false-confessions expert to explain how portions of his confession could be discounted. Counsel's tactical decisions such as who to call as a witness are virtually unchallengeable, *see Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996), and Patterson has not shown that counsel performed objectively unreasonably, or that he was accordingly prejudiced, in not retaining a false-confessions expert where the record does not support that his confession was coerced or involuntary and thus has not shown that such testimony would be relevant. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fifth, Patterson argues that trial counsel should have objected to the admission of prejudicial rap lyrics. While the lyrics arguably lacked relevance by not describing conduct sufficiently comparable to the facts of the crime, *see Holmes v. State*, 129 Nev. 567, 575, 306 P.3d 415, 420 (2013) (providing that, to be admissible, rap lyrics must be probative of facts of the crime charged and their probative value must not be outweighed by the danger of unfair prejudice), Patterson has failed to show that counsel's objection would have led to a reasonable probability of a different outcome because, as we previously determined, overwhelming evidence supported his guilt, *Patterson*, 129 Nev. at 179, 298 P.3d at 440, and the lyrics' distinguishability from the instant facts diminished their relevance and prejudice to establishing Patterson's guilt for the crimes charged. The district court therefore did not err in denying this claim without an evidentiary hearing.

Sixth, Patterson argues that trial counsel should have investigated discrepancies between the different police descriptions of the crime scene, specifically regarding which car doors were open when the police arrived, whether the center console of the victim's car was open, and whether the puppy was recovered from the left rear or right front car door. To the extent Patterson asserts a failure-to-investigate claim, he has not stated what would have been discovered that would have led to a different outcome. To the extent he argues that trial counsel should have used the discrepancies to impeach the testifying police officers and staff, Patterson has not shown that trial counsel was objectively unreasonable for not focusing cross-examination on minor facts that were not material to either party's theory of the case or that he was accordingly prejudiced. The district court therefore did not err in denying this claim without an evidentiary hearing.

Seventh, Patterson argues that trial counsel should have ensured that certain bench conferences during jury selection were recorded. At the time of trial, the trial court was not required to make a record of all bench conferences. *See Daniel v. State*, 119 Nev. 498, 507-08, 78 P.3d 890, 897 (2003). Patterson's reliance on *Preciado v. State*, 130 Nev. 40, 318 P.3d 176 (2014), is misplaced, as that case was not decided until four years after his trial. Accordingly, trial counsel was not deficient in failing to assert a rule that did not then apply. And Patterson has failed to show prejudice because he has not shown that the unrecorded bench conferences precluded this court's meaningful review of his related claims. *See id.* at 43, 318 P.3d at 178. The district court therefore did not err in denying this claim without an evidentiary hearing.

Eighth, Patterson argues that trial counsel should have requested an admonishment limiting juror questions to factual matters, pursuant to *Flores v. State*, 114 Nev. 910, 913, 965 P.2d 901, 902-03 (2005) (setting forth safeguards for the trial court's exercise of its discretion concerning juror questions, including that questions be factual in nature). *See also Knipes v. State*, 124 Nev. 927, 933, 192 P.3d 1178, 1182 (2008) (extending *Flores* to require memorialization of bench conferences regarding the admissibility of juror questions). It is the law of the case that Patterson's claim that the trial court abused its discretion in this regard lacked merit. *See Patterson*, 129 Nev. at 173 n.4, 298 P.3d at 436 n.4. As the trial court did not abuse its discretion, Patterson has not shown that the trial court violated the safeguards in *Flores* and thus has not shown that trial counsel's request would not have been futile. As counsel is not ineffective for failing to raise a futile claim, the district court did not err in denying this claim without an evidentiary hearing.

Ninth, Patterson argues that trial counsel should have withdrawn after the justice court denied Patterson's request to substitute retained counsel. Patterson provides no authority for his bare claim that it was objectively unreasonable for counsel not to withdraw unprompted, and thus we decline to consider this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Lastly, Patterson argues that cumulative error warrants relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Patterson has demonstrated a single arguable instance of deficiency

concerning the rap lyrics, and a single instance of deficiency cannot cumulate, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Having concluded that Patterson's contentions do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:  Hon. Kerry Louise Earley, District Judge
     Law Office of Lisa Rasmussen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk