# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO SOTERO TARROSA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70744

FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Antonio Tarrosa argues that the district court erred in denying several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the

17-35029

law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Tarrosa argues that his trial counsel should have called him to testify in support of his motion to suppress his confession. Tarrosa claims he would have testified that he had consumed alcohol and drugs before his arrest and that he had not slept in days. Tarrosa argues that his testimony, coupled with his young age (17 years), the circumstances before the interview, and the failure to call his parents before his interview, would have established that his confession was involuntary.[1]

Tarrosa fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Tarrosa acknowledged at the evidentiary hearing that trial counsel did not refuse to call him to testify. Tarrosa's complaint appears to be that he was not asked if he wanted to testify. Trial counsel testified that he discussed the pros and cons of testifying, but he could not recall what Tarrosa "decided or reasoning he gave about not testifying." Counsel testified that he would not have prevented Tarrosa from testifying if he wanted to and that, given the amount of interaction he had with Tarrosa, the fact that Tarrosa did not testify was likely because Tarrosa did not want to testify. Tarrosa further fails to demonstrate prejudice because even considering the additional testimony provided by Tarrosa he did not establish that his confession was involuntary.[2] *See Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109

---

[1]We previously determined on direct appeal that Tarrosa failed to demonstrate that his confession was involuntary. *Tarrosa v. State*, Docket No. 58008 (Order of Affirmance, October 1, 2012).

[2]Tarrosa appears to further suggest that trial counsel should have presented evidence regarding a urinalysis performed pursuant to a

(1996) (holding that to demonstrate prejudice based on counsel's failure to properly prosecute a motion to suppress, a petitioner must demonstrate the claim was meritorious and that there was a reasonable likelihood that the exclusion of the evidence would have changed the result of a trial); *see also Passama v. State*, 103 Nev. 212, 213-14, 735 P.2d 321, 322-23 (1987) (holding that a confession must be made freely and voluntarily and the voluntariness of the confession is determined from the totality of the circumstances). Notably, in contrast to his statements in the postconviction proceedings, Tarrosa told the detective during the interview that he was sober and not on any medications. The detective testified at the suppression hearing that he saw nothing to indicate that Tarrosa was under the influence. There is no indication in the transcript of Tarrosa's interview that Tarrosa was so intoxicated that he did not understand the meaning of his statements.[3] *Kirksey*, 112 Nev. at 992, 923 P.2d at 1110. In fact, Tarrosa provided coherent, detailed responses to the detective's questions during the 45-minute interview. Evidence at trial corroborated his confession. Tarrosa has not demonstrated that his confession was involuntary, and therefore, we conclude that the district court did not err in denying this claim.

---

standing order in the juvenile court. However, Tarrosa failed to supplement his petition with a claim that trial counsel was ineffective in this regard after testimony about the test came out during the evidentiary hearing and he was provided an opportunity to raise such a claim. Therefore, we decline to consider this claim.

[3]The video of Tarrosa's interview was not submitted to this court; however, a transcript of the interview was provided. The district court had the video and could evaluate Tarrosa's demeanor and responses.

Next, Tarrosa argues that his trial counsel should have filed a motion to dismiss for failure to collect evidence. In particular, Tarrosa argues that the police failed to collect video from Roberto's Taco Shop. The detective explained at trial that he viewed the video but it showed only a limited angle near the cash register and he was not able to make out the race or ethnicity of any individuals. Tarrosa cross-examined the detective about his failure to collect the video. We conclude that Tarrosa fails to demonstrate that trial counsel's performance was deficient or that he was prejudiced because he did not demonstrate that the evidence was material or that the failure to gather the evidence was the result of gross negligence or bad faith. *See Daniels v. State,* 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). While Tarrosa indicates that the video might show who was present, what they were wearing, and whether they were intoxicated, Tarrosa fails to demonstrate that any of this alleged evidence would have had a reasonable probability of altering the outcome of trial given his confession to the crimes.[4]

Next, Tarrosa argues that his trial counsel should have presented expert witness testimony on the pressure placed on juveniles to confess, the influence of drugs, and gang culture. Tarrosa fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Notably, Tarrosa failed to provide testimony from any experts in these areas at the evidentiary hearing. Trial counsel further

---

[4]Tarrosa has not provided any cogent argument regarding his claim that counsel was ineffective for failing to appreciate that the police report contained a misstatement about whether this video was collected. Therefore, we decline to consider this argument. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing it is the appellant's burden to present relevant authority and cogent argument on appeal).

discussed his reasons for not hiring such experts. Therefore, we conclude that the district court did not err in denying this claim.

Next, Tarrosa argues that his trial counsel should have requested a jury instruction on the voluntariness of his statements. Tarrosa fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel testified that he had decided not to challenge the voluntariness of the confession at trial and thus he did not request a jury instruction. Tarrosa has not demonstrated that this decision was objectively unreasonable. Therefore, we conclude that the district court did not err in denying this claim.

Next, Tarrosa argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Tarrosa argues that his appellate counsel should have challenged the district court's decision to allow mention of "cliques" during the trial and to deny a motion for mistrial. Tarrosa fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellate counsel testified that he chose to focus on the voluntariness of the confession over weaker issues. Tarrosa has not demonstrated a reasonable probability of a different outcome had these omitted issues been raised.

Therefore, we conclude that the district court did not err in denying these claims.

Finally, Tarrosa argues cumulative error warrants relief. However, even assuming multiple deficiencies in counsel's performance may be cumulated to find prejudice under the *Strickland* test, *see* *McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 317 n.17 (2009), no deficiencies were found, so there was nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Elizabeth Goff Gonzalez, Chief Judge
     Law Office of Betsy Allen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk