# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON GUEVARA-PONTIFES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78948

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge. Appellant Brandon Guevara-Pontifes argues that he received ineffective assistance of trial and appellate counsel. The district court denied his petition without an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised

20-34463

reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Guevara-Pontifes first argues that trial counsel should have objected rather than consented to the State asking the victim to interpret her Spanish-language text messages and phone calls. Trial counsel noted contemporaneously that a certified interpreter would be in the courtroom and would flag any errors. Guevara-Pontifes does not allege that any specific message was mistranslated and does not show that counsel's insisting on the messages being interpreted by a certified interpreter would have led to a reasonable probability of a different outcome. The district court therefore did not err in denying this claim without an evidentiary hearing.[1]

---

[1] Guevara-Pontifes was not precluded from requesting funds for an investigator in order to support his claims before the district court ordered an evidentiary hearing. *See* NRS 7.135 (providing funding for investigative expenses for an indigent petitioner); NRS 34.750(2) (providing funding for expenses as part of the appointment of postconviction counsel); *Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1229, 968 P.2d 1165, 1168 (1998) (holding that an indigent defendant is entitled to defense services at state expense).

Guevara-Pontifes next argues that trial counsel should have objected to the State's expert's testimony as beyond the intended scope of her testimony. The expert testified regarding the cycle of abuse, its role in recantation, and the victim's behavior in this context. The State provided notice that this expert would address these matters, and an expert may testify that a victim's behavior was consistent with that of a sexual assault victim. NRS 50.345. Guevara-Pontifes has not shown deficient performance or prejudice due to counsel omitting an objection on this basis that lacked merit. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guevara-Pontifes next argues that trial counsel should have retained a defense expert to rebut the State's expert's testimony. Guevara-Pontifes offers the bare claim that an expert would have testified that witnesses may recant for reasons other than the cycle of abuse. Guevara-Pontifes has not shown prejudice, as eliciting testimony as to the general proposition that another explanation might exist is insufficient to undermine our confidence in the jury's verdict. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). The district court therefore did not err in denying this claim without an evidentiary hearing.

Guevara-Pontifes next argues that trial counsel should have moved to suppress his statements to law enforcement on the ground that his *Miranda* waiver was not knowing, voluntary, and intelligent. Officer testimony shows that Guevara-Pontifes was read his *Miranda* rights, asserted his right to silence, repeatedly asked what the victim had said before waiving his rights to voluntarily tell the police his account of the events, and was again read his rights before speaking. It further shows that

SUPREME COURT
OF
NEVADA

O) 1947A

3

the car's air conditioning was on and that the officer waited in the car with Guevara-Pontifes, listening to sports talk radio after Guevara-Pontifes invoked his right to remain silent. Guevara-Pontifes has not shown that his waiver was not knowing, voluntary, and intelligent: he was an adult, was repeatedly informed of his rights, impliedly waived his right to silence by asking the officer questions, decided to speak after a brief period, and was not held in a physically punishing manner. *See Mendoza v. State*, 122 Nev. 267, 276-77, 130 P.3d 176, 181-82 (2006) (discussing waiver inquiry); *Passama v. State*, 103 Nev. 212, 214, 735 P.2d 321, 323 (1987) (identifying factors to be considered in determining whether totality of circumstances indicate that defendant's statements were voluntary, including age, lack of education or low intelligence, lack of advice of constitutional rights, length of detention, repeated and prolonged nature of questions, and use of physical punishment such as deprivation of food or sleep). As a suppression motion lacked merit, trial counsel was not ineffective in failing to pursue one. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."); *see also Kirksey*, 112 Nev. at 990, 923 P.2d at 1109 (holding that prejudice prong on a claim that counsel should have moved to suppress evidence requires showing a meritorious Fourth Amendment claim). The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Guevara-Pontifes argues that the remaining claims in his underlying petition were supported by specific factual allegations and that the district court erred in denying them without an evidentiary hearing. Guevara-Pontifes offers no cogent argument or relevant authority

O) 1947A

in support of this general assertion of error, and we need not consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Having concluded that Guevara-Pontifes' contentions do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Egan K. Walker, District Judge
Law Offices of Lyn E. Beggs, PLLC
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk