# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMAR J. AYALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69877

**FILED**

MAY 0 9 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying Omar J. Ayala's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Ayala argues that trial and appellate counsel provided ineffective assistance, asserting ten such claims. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the

17-15418

underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Ayala first argues that trial counsel should have moved to suppress his police statements on the grounds that he did not voluntarily waive his *Miranda*[1] rights and his statements were involuntary as evidenced by his youth, lack of sleep, and intoxication and the absence of his parents during the interview. The district court found that Ayala, who was 17 years old at the time, was read his *Miranda* rights both at the vehicle stop and at the police station; Ayala stated that he understood his rights and consented to questioning; Ayala did not indicate that he was impaired by sleep deprivation or intoxication, the officers who interviewed him did not perceive that Ayala was intoxicated or otherwise impaired, and the recorded statements indicated that Ayala was articulate, alert, and coherent; and Ayala did not lack the intellectual capacity to understand the *Miranda* warnings or the questions posed to him. Substantial evidence supports these findings, and Ayala has not shown that they are not entitled to deference. The record also shows that Ayala was invited to request a parent or guardian's presence and decided not to do so, and that Ayala had been detained for less than twelve hours and interviewed less than two hours in total by the end of the interview. We agree with the district court that the totality of the circumstances do not

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

show that Ayala's *Miranda* waiver or statements were involuntary.[2] *See Berghuis v. Thompkins,* 560 U.S. 370, 382-83 (2010) (explaining waiver inquiry); *Garner v. Mitchell,* 557 F.3d 257, 261 (6th Cir. 2009) (concluding that defendant's explanation of his conduct during interview indicated his ability to understand the *Miranda* warnings); *Mendoza v. State,* 122 Nev. 267, 276, 130 P.3d 176, 181 (2006) (discussing waiver inquiry); *Ford v. State,* 122 Nev. 796, 802-03, 138 P.3d 500, 504-05 (2006) (indicating that parent's absence and lack of parental notification are factors to consider in voluntariness determination but do not alone make a juvenile's statement involuntary); *Passama v. State,* 103 Nev. 212, 214, 735 P.2d 321, 323 (1987) (identifying factors to be considered in determining whether totality of circumstances indicate that defendant's statements were voluntary, including age, lack of education or low intelligence, lack of advice of constitutional rights, length of detention, repeated and prolonged nature of questions, and use of physical punishment such as deprivation or food or sleep). As a suppression motion accordingly lacked merit, trial counsel was not ineffective in failing to pursue one. *See Ennis v. State,* 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."); *see also Kirksey,* 112 Nev. at 990, 923 P.2d at 1109 (holding that prejudice prong on a claim that counsel should have moved to suppress evidence requires

---

[2]We conclude that the circumstances surrounding Ayala's statement are distinguishable from those surrounding his codefendant Perez's statements that led this court to hold that the trial court should have granted Perez's suppression motion and accordingly do not warrant a similar disposition here. *See Perez v. State,* Docket No. 55950 (Order Affirming in Part, Reversing in Part, and Remanding, June 20, 2012).

showing a meritorious Fourth Amendment claim). The district court therefore did not err in denying this claim.

Second, Ayala argues that trial counsel should not have conceded his guilt for second-degree murder and should have raised a self-defense theory. A concession of guilt may be a reasonable trial strategy when circumstances dictate. *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013). While the district court's finding that trial counsel did not concede guilt for second-degree murder is belied by the record,[3] counsel testified during the evidentiary hearing that the defense theory was to challenge Ayala's intent in order to avoid a first-degree-murder conviction, considering the evidence that Ayala was present and fired the gun that shot the fatal bullet. Counsel stated that he was concerned with preserving his credibility with the jury in order to advance

---

[3]Trial counsel argued:

> "I think it's pretty clear that by anyone who picks up a gun and shoots it in the dark towards where people are standing this appl[ies], 'Fatally bent on mischief or with reckless disregard of consequences and social duty.' . . . [M]y client Mr. Ayala, I don't think there's much of a question that he shot that night. I don't think there's a question that he had a .380 that night and I don't think there was a question that the .380 bullet is what killed Mr. Gazzano. . . . 'A mere unconsidered and rash impulse is not deliberate, even though it includes the intent to kill.' That— that defines what Mr. Ayala did. And remember, for first-degree murder the State needs to prove beyond a reasonable doubt willful and deliberate and premeditated."

this theory and that a self-defense theory would have been unreasonable, compromised the credibility of the defense, and increased the likelihood of a first-degree-murder conviction. Trial counsel's strategy was reasonable, particularly in light of the limited options available to him due to the strong evidence of Ayala's guilt—which we noted on direct appeal, *see Ayala v. State*, Docket No. 55933 (Order of Affirmance, June 20, 2012)—and thus Ayala has not shown that trial counsel was ineffective. *See Florida v. Nixon*, 543 U.S. 175, 192 (2004) ("[C]ounsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in 'a useless charade.'"); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). The district court therefore did not err in denying this claim.

Third, Ayala claims that appellate counsel should have argued that he was not properly canvassed regarding the concession of guilt as required by *Hernandez v. State*, 124 Nev. 978, 194 P.3d 1235 (2008), *overruled by Armenta-Carpio*, 129 Nev. 531, 306 P.3d 395.[4] Ayala acknowledges that *Armenta-Carpio* overruled *Hernandez* but argues that *Hernandez* nevertheless controls because it provided a substantive or procedural right and *Armenta-Carpio* was not decided until after the remittitur issued from his direct appeal. Prejudice is shown when

---

[4]To the extent that Ayala argues that the trial court erred in not canvassing him as to the concession of guilt, this claim should have been raised on direct appeal and therefore is waived, *see* NRS 34.810(1)(b)(2), except as relevant to Ayala's ineffective-assistance-of-appellate-counsel claim.

counsel's ineffectiveness "deprive[s] the defendant of a substantive or procedural right to which the law entitles him." *Williams v. Taylor*, 529 U.S. 362, 393 (2000). Ayala's reliance on the canvass procedures discussed in *Hernandez* is misplaced, however, as that discussion was dicta, *Armenta-Carpio*, 129 Nev. at 535, 306 P.3d at 398, and thus did not create a right on which he was entitled to rely. *Cf. Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993) (holding that subsequent changes in the law are relevant to determining prejudice for an ineffective-assistance claim and a claimant may not avoid adverse changes in the law and thereby receive "a windfall to which the law does not entitle him"). Further, because *Hernandez* misconstrued the federal constitutional right on which it relied, *Armenta-Carpio*, 129 Nev. at 535-36, 306 P.3d at 397-98 (discussing *Nixon*), Ayala did not have a constitutionally protected right that would have been protected by a canvass under *Hernandez, see Williams*, 529 U.S. at 393; *see also Young v. Dretke*, 356 F.3d 616, 627-28 (5th Cir. 2004) (holding that a postconviction petitioner was entitled to a procedural right under a statute that was later amended because the duly enacted statute conferred a vested right). Accordingly, we conclude that Ayala has failed to show prejudice as a result of appellate counsel's failure to raise the canvass issue. The district court therefore did not err in denying this claim.

Fourth, Ayala argues that trial counsel should have moved to sever his trial from that of his codefendants. To successfully seek severance, counsel would have had to establish that a joint trial would compromise a specific trial right or prevent the jury from reliably determining guilt, as where the codefendants have conflicting defenses. *See Chartier v. State*, 124 Nev. 760, 765, 191 P.3d 1182, 1185 (2008).

Ayala's codefendants' defenses, however, were consistent with his defense and with the strategy that trial counsel discussed at the evidentiary hearing, and thus a severance motion would have lacked merit. We accordingly conclude that Ayala has failed to show that trial counsel's performance was deficient in failing to so move or that he was prejudiced by the omission. The district court therefore did not err in denying this claim.

Fifth, Ayala argues that trial counsel should have investigated and called defense witness A. Solorazano. Solorazano was noticed as a defense witness and thus known to the parties, and trial counsel testified that he did not call defense witnesses as a tactical decision. And although Ayala provided an affidavit from postconviction counsel outlining the substance of Solorazano's testimony, he failed to call Solorazano as a witness or otherwise support this claim at the evidentiary hearing. Ayala therefore has not demonstrated extraordinary circumstances that call trial counsel's tactical decision into question. See Lara, 120 Nev. at 180, 87 P.3d at 530. The district court did not err in denying this claim.

Sixth, Ayala argues that trial counsel should have introduced shell casings found at the scene sometime after the police finished investigating the area. Substantial evidence supports the district court's finding that no evidence connected the shell casings to the crime, and Ayala has not shown that this finding is not entitled to deference. Accordingly, we conclude that he has failed to show that trial counsel's performance was deficient in this regard or that he was prejudiced. The district court therefore did not err in denying this claim.

Seventh, Ayala argues that trial counsel should have objected to testimony that he had possessed and previously fired his handgun on

the ground that it implicated him in an uncharged bad act. *See* NRS 48.045. The testimony did not implicate Ayala in a crime or bad act or provide inadmissible character evidence and therefore was not challengeable as an uncharged bad act. *See* U.S. Const. Amend. II; *Lamb v. State*, 127 Nev. 26, 41, 251 P.3d 700, 710 (2011) (providing that NRS 48.045 is not implicated where the conduct referenced is not a bad act or crime). As a prior-bad-act objection lacked merit, trial counsel was not ineffective in failing to object. The district court therefore did not err in denying this claim.

Eighth, Ayala argues that appellate counsel was ineffective in failing to provide a record citation to support a prosecutorial misconduct claim based on the prosecutor's reference to the style in which the gun was shot as "gangsta style." As a result of appellate counsel's omission, this court declined to consider the issue on direct appeal. Nonetheless, the omission did not prejudice Ayala as the prosecutorial misconduct issue had no reasonable probability of success on appeal. The trial court concluded that the term was not prejudicial, and in the postconviction proceeding below the district court concluded that the term did not insinuate gang affiliation. We agree. The prosecutor qualified "gangsta style" as the term used to refer to a specific manner of holding a handgun in asking the State's expert about a gun's ejection pattern from that position. The context in which the phrase was used makes it clear that the prosecutor and witness were addressing the manner of the crime's commission and were not insinuating that the crime was gang related or that Ayala was affiliated with a gang. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (holding that the court first determines whether prosecutor's conduct was improper in a prosecutorial-misconduct

claim); *State v. Ward*, 649 S.E.2d 145, 148 (S.C. Ct. App. 2007) (holding that the term "gangster style" described how the gun was fired and did not compel the district court to grant a mistrial). The prosecutorial-misconduct claim therefore would have failed on the merits even if appellate counsel had provided a supporting record citation. Accordingly, Ayala was not prejudiced by appellate counsel's performance. The district court therefore did not err in denying this claim.

Ninth, Ayala argues that appellate counsel should have argued that his sentence constituted cruel and unusual punishment. Because the sentence was within the statutory limits, *see* NRS 193.165; NRS 193.330; NRS 199.480; NRS 200.030; NRS 200.380; NRS 202.287, and Ayala has not shown that the statute fixing punishment was unconstitutional or that the sentence was unreasonably disproportionate, *see Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), this claim appears to be futile. Appellate counsel is not ineffective for failing to raise futile claims.[5] The district court therefore did not err in denying this claim.

Lastly, Ayala argues that cumulative error warrants relief. Even assuming that multiple deficiencies in counsel's performance may be

---

[5]Ayala's reliance on *Graham v. Florida*, 560 U.S. 48, 82 (2010), is misplaced as he was not sentenced to life without parole for a non-homicide offense. His reliance on *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, 2460 (2012), is similarly misplaced as he did not receive a mandatory life-without-parole sentence for the murder conviction. To the extent that Ayala suggests that his aggregate sentence is the functional equivalent of a life-without-parole sentence and therefore implicates *Miller*, NRS 213.12135 provides sufficient relief. *Boston v. State*, 131 Nev., Adv. Op. 98, 363 P.3d 453, 458-59 (2015).

cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Ayala has failed to show that relief is warranted. Ayala has failed to identify any deficiencies in trial counsel's performance. And relief is not warranted as to the appellate-counsel claims because there was substantial evidence of Ayala's guilt and the arguable instances of deficient performance—i.e., failing to rely upon subsequently overruled case law regarding concessions of guilt and failing to provide a record citation to support a prosecutorial-misconduct claim—are minor and do not cumulatively establish prejudice, *see Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). The district court therefore did not err in denying this claim.

Having considered Ayala's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Gibbons                                 Pickering

cc:     Hon. Susan Johnson, District Judge
        Resch Law, PLLC d/b/a Conviction Solutions
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk